[No. 8,032.—Department Two.]

## THOMAS G. PEACHEY v. THE BOARD OF SUPERVISORS OF CALAVERAS COUNTY.

COUNTY SUPERINTENDENT OF SCHOOLS—CONSTITUTIONAL LAW.—Upon an application for a mandamus to the defendants to fix the salary of the plaintiff as County Superintendent of Schools, as required by Section 1552, Political Code, it was claimed by the defendants that the salary of the plaintiff was fixed by a special act of the Legislature approved March 9, 1878, to take effect on the first Monday of March, 1880, and that Section 1552 of the Political Code did not apply.

*Held:* Section 1552 of the Political Code was in force when the new Constitution went into effect, and was continued in force by Section 1, Article xxii. of that instrument; and the special act never went into effect.

APPLICATION for a writ of mandamus.

A petition for hearing in bank was filed in this case after judgment and denied.

*Ira H. Reed,* for Plaintiff.

The statute of March 9, 1878, by its own terms was to take effect and be in force on and after the first Monday of March, 1880.   (Stats. 1877–8, p. 204.)

The intention of the new Constitution was to prevent special legislation; and this intention operated as well to abrogate any special law not yet in force, as to inhibit future special enactments.   (*Strong* v. *Daniel,* 5 Ind. 348; *Bourland* v. *Hildreth,* 26 Cal. 163.)

*A. L. Hart,* Attorney General, for Defendant.

The constitutional inhibition manifestly applies to future and not to past legislation.   It did not operate as a repeal of acts passed by the Legislature before the Constitution went into effect, but merely put a stop to all future legislation of that objectionable character.   (*Ex parte Burke, ante,* 6; Cooley on Const. Lim., side p. 63; *State* v. *Barbee,* 3 Ind. 258; *Allbyer* v. *State,* 10 Ohio, N. S., 588; *Hingle* v. *State,* 24 Ind. 28; *Madison etc. R. R.* v. *Whiteneck,* 8 id. 217; *Hymes* v. *Aydelotte,* 26 id. 431; *County of Calloway* v. *Foster,* 93 U. S. 567; *County of Scotland* v. *Thomas,* 94 id. 682.)

MORRISON, C. J.:

Application for a writ of mandamus to compel the defendants, Supervisors of the county of Calaveras, to fix relator's salary, and to allow his claim for services rendered by him as Superintendent of Schools, in and for the county of Calaveras.

There is but one question in the case, and that is the following:   Is Section 1552 of the Political Code applicable to the Superintendent of Schools of Calaveras county?   If it is, it is conceded that a peremptory writ of mandamus should issue in the case.

It is claimed, however, that Section 1552 of the Political Code does not apply to such Superintendent, because that section was repealed as to him by a special Act of the Legislature, approved March 9, 1878.   (Stats. 1877–8, p. 204.)   On

that day the Legislature passed an Act fixing the salary of the Superintendent of Public Schools in Calaveras county at five hundred dollars per annum, and it was therein provided that "this Act shall take effect and be in force on and after the first Monday of March, A. D. eighteen hundred and eighty."

The new Constitution went into effect on the first day of January, 1880, and by Section 1, Article xxii thereof, it is provided that "all laws in force at the adoption of this Constitution not inconsistent therewith, shall remain in full force and effect until altered or repealed by the Legislature," etc.

The special Act above referred to was not, according to its terms, to go into force and effect until the first Monday of March, 1880; but Section 1552 of the Political Code was in full force and effect on the first day of January, 1880, and the Act of March 9, 1878, never went into effect. It follows, therefore, that it was that section of the statute, and not the special Act of 1878, that was continued in full force and effect by Section 1, Article xxii of the Constitution.

It was, therefore, the duty of the Board of Supervisors of Calaveras county to "estimate and allow" the relator's salary.

Let a peremptory writ of mandamus issue, as prayed for.

SHARPSTEIN and THORNTON, JJ., concurred.