[No. 8,318.—In Bank.]
July 28, 1882.

THE COUNTY OF LOS ANGELES *v.* CHARLES C. LAMB ET AL.

CONSTITUTIONALITY OF STATUTE—FEES OF OFFICE—LOS ANGELES COUNTY. Prior to the Act of March 27, 1878, "to regulate fees and salaries in the County of Los Angeles" the fees of office were received by the officers to their own use, but by that Act it was provided that certain officers of that County (including the Recorder) should receive salaries for their services and that all fees collected should be paid into the County Treasury for the use of the County; but it was provided that these provisions should not apply to the then incumbent. The term of the Recorder then in office did not expire until March, 1880; at which time the term of office of the defendant, who had been elected Recorder, commenced; and he, having failed to pay into the County Treasury certain fees of office this action was brought for their recovery.

*Held*: The statute was a perfect law and went into effect when it was passed.

ID.—ID.—CASES DISTINGUISHED.—The statutes passed on and declared to be unconstitutional in the case of *Peachy* v. *Board of Supervisors*, 59 Cal. 548, and *Speegle* v. *Joy*, 60 id. 278, are entirely different from this. In those statutes it was specially provided—as far as the matters involved in those cases were concerned—that the Act should not go into effect until a future day.

APPEAL from a judgment for the plaintiff in the Superior Court of the County of Los Angeles. HOWARD, J.

The defendant was elected Recorder of Los Angeles County on September 3, 1879, and went into office on the first day of March, 1880. The action was brought for the recovery of the fees of office collected by the defendant.

*Brunson & Wells* and *Bicknell & White*, for Respondent.

We rely upon the rule announced by this Court in *Peachy* v. *Board of Supervisors of Calaveras County*, 59 Cal. 548. Section 33 of the Act now under consideration is in the following words: "The provisions of this Act, so far as they provide for a change in the salaries or compensation of officers and the payment of deputies, and the provisions of Section twenty-six (26) of this Act, so far as they provide for the payment of the fees and other compensation of the officers herein named into the County Treasury and the statements to be made by them,

shall not apply to the present incumbents, but the officers now in office shall continue to receive the fees, salaries and compensation now provided by law. Such officers shall, however, be subject to all the other provisions of this Act, and the present incumbents of the salaried offices shall be subject to the provisions of Section 27."

In the case of *Speegle* v. *Joy*, 60 Cal. 278, a statute almost identical with that under consideration was held never to have become operative by reason of the provisions of Section 1, Article xxii. of the New Constitution. The mere fact that portions of this enactment were in force on January 1, 1880, can not aid respondent, because if a part of the statute is inoperative by reason of constitutional inhibition it might defeat the whole Act. (*Robinson* v. *Bidwell*, 22 Cal. 380; *People* v. *McNally*, 49 id. 482.) While the wording of Section 3 of the Calaveras Act, and that of Section 33 of this Act is different, yet the effect is exactly the same.

*Thomas B. Brown*, for Respondent.

The distinction between the statutes which were considered in the two cases relied upon by the appellants, and those portions of the Act now in question relating to fees and salaries is obvious.

Section 3 of the Act of March 9, 1878, considered by this Court in the case of *Peachy* v. *Supervisors of Calaveras County*, 59 Cal. 548, expressly provided that the Act should not take effect before the first Monday in March, 1880.

In the case of *Speegle* v. *Joy*, 60 Cal. 278, the question was as to those portions of an Act entitled " An Act in relation to the County officers of Monterey County, their Fees and Salaries" approved March 30, 1878, which related to the salary of the County Recorder of that county.

Section 22 of that Act provided that all of Section 2, as to the salary of the Auditor, and all of Section 9 should go into effect from and after its passage, that as to the salary of the County Judge it should take effect from and after December 31, 1879, and that all other portions of the Act should take effect from and after the first Monday in March, 1880.

The Act in question simply provides that as to those who were at that time in possession of the offices affected by the

Act, those provisions relating to the change in the nature of their compensation from fees to salaries should not apply. In all other respects, and as to all persons other than the present incumbents, all of the provisions of the Act took effect and were in force on and after the sixtieth day after the twenty-seventh day of March, 1878.

THORNTON, J.:

The statute of April 27, 1878 (Stats. 1877–8, p. 574), was a perfect law when it was approved on the day above named, and went into effect when the other portions of the law did. Because it happened that there was then an incumbent to which the statute *did not apply*, and whose term did not expire until March, 1880, did not prevent the statute of 1878 from going into effect, but merely postponed its operation as to the successor (Lamb) of the incumbent until he took office. It did not operate in this case until March, 1880, because the *casus statuti* did not exist until that date, but it was still a perfect statute, clothed with all the force and strength that the legislative power could invest it with.

The statutes passed on in the cases referred to (*Peachy* v. *Board of Supervisors of Calaveras County*, 59 Cal. 548, and *Speegle* v. *Joy*, 60 id. 278), are entirely different. In those statutes it was specially provided, as far as the matters involved in the cases cited, that the Act should not go into effect until a future day. This is quite a different thing from saying that it shall not apply to an existing state of things, which may be changed any day after the passage of the Act, viz., by the death of the then incumbent, when on his successor taking office a *status* would occur and exist to which the statute must *per force* apply. The statute then operated. It went into effect when it was passed, but did not operate then because there was no case for it to operate on. As soon as the case occurred, it found operation. The distinction is between having an operative effect, and going into effect. The statute may go into effect, but can not operate until the *casus statuti* occurs.

We are of opinion that the judgment of the Court below is correct, and should be affirmed.

Sharpstein and Ross, JJ., concurred.

McKee, J., concurring:

It is admitted that the defendant was elected, at the general election of 1879, Recorder of the County of Los Angeles, qualified as such, and entered upon the discharge of the duties of his office March 1, 1880; and that, during the month of December, 1881, while in office, he collected the fees of office in controversy.

These fees, during his incumbency, were, under the statute of April 24, 1878, to be paid into the Treasury of the county; for although the provision of the statute of 1878 upon that subject, was, according to its terms, not to take effect upon the *then* incumbent, it was to take effect upon his successor; and the defendant, having been elected as the successor in office of the *then* incumbent, he became subject to the operation of *all* the provisions of the statute. As to him, the office became, by force of the statute, a salaried one, and the duty was imposed upon him of collecting the fees of the office and paying them into the County Treasury.

The special provision of the statute as to compensation, and collection and disposal of the fees of the office, which do not affect his predecessor in office, was operative upon him; for although it was not to take effect until a time and an event after the adoption of the Constitution, yet, as it was not inconsistent with any constitutional provision, it took effect at the time expressed by the will of the Legislature.

Therefore I concur in the conclusion of Mr. Justice Thornton.