[Department Two—July 31, 1883.]

## THE PEOPLE EX REL. JAMES A. ORR, RESPONDENT, *v.* FENTON B. WHITING, APPELLANT.

STATUTE — EFFECT OF CERTAIN PROVISIONS WHEN OTHERS ARE INOPERATIVE. — On the 26th of March, 1878, an act was passed by the legislature entitled "an act in relation to certain officers of Plumas County, and to fix the compensation thereof." Portions of the act took effect immediately, and other portions were to take effect on the first Monday in March, 1880. These latter portions never took effect by reason of the adoption of our present Constitution. *Held*, that the portions which took effect may operate independently of the residue of the act, and are still in force.

APPEAL from a judgment of the Superior Court of Plumas County.

The act in question provided, among other things, that the office of county recorder in Plumas County should be separated from the office of county clerk, and that a county recorder should be elected at the general election in 1879, and every two years thereafter. These provisions took effect immediately, and under them the defendant was elected county recorder at the general election in 1882, the time for holding the election having been changed by the Constitution. The relator was county clerk, and claimed to be *ex-officio* county recorder under the provisions of section 4105 of the Political Code, which was adopted prior to the passage of the act above referred to. The suit was brought to oust the defendant from the office, and to put the

relator in possession thereof. A judgment was rendered on demurrer in favor of the relator.

*J. D. Goodwin, D. W. Jenks,* and *F. B. Whiting,* for Appellant.

*E. C. Marshall, Attorney-General,* and *R. H. F. Variel,* for Respondent.

SHARPSTEIN, J.— By its terms, so much of the act of the legislature entitled "an act in relation to certain officers in Plumas County, and to fix the compensation thereof," approved March 26, 1878, as provides for the election of a county recorder, took effect immediately and prior to the adoption of the present Constitution. Other parts of the act were by its terms not to take effect until the first Monday of March, 1880, and consequently were not in force at the adoption of said Constitution, which provides: "That all laws in force at the adoption of this Constitution, not inconsistent therewith, shall remain in full force and effect until altered or repealed by the legislature. (Art. xxii. § 1.)

The portions of the act which could not take effect until after the adoption of the Constitution were obviously not in force at the adoption of it. But other portions of the same act were in force at that date. Such portions of this act as were not in force at the adoption of the Constitution never have and never will take effect. (*Peachey* v. *Supervisors of Calaveras County,* 59 Cal. 548; *Speegle* v. *Joy,* 60 Cal. 278; *Whiting* v. *Haggard,* 60 Cal. 513.)

The portions, which were in force at the adoption of the Constitution, are as distinct and separable from those which were not as it is possible for different parts of the same act to be. That such was the understanding and intention of the legislature is evidenced by the enactment that one part should take effect immediately, and the other two years thereafter. This proves that in the opinion of the. legislature one part might stand and be executed independently of the other. If it could be for two years we are unable to discover why it could not be for all time. "If when the unconstitutional portion is stricken out, that which remains is complete in itself, and capable of

being executed in accordance with the apparent legislative intent wholly independent of that which was rejected, it must be sustained." (Principles of Const. Law, 152.)

We are therefore of the opinion that on the facts disclosed by the record, the appellant is entitled to the office from which it is sought by this action to oust him. This renders it unnecessary to consider the other point discussed by counsel.

Judgment reversed and cause remanded with directions to the court below to sustain the demurrer to the complaint, with leave to the plaintiff to amend within ten days after receiving notice thereof.

THORNTON, J., and MYRICK, J., concurred.

Hearing in Bank denied.