STATE OF MINNESOTA ex rel. B. P. BAKER v. D. M. SULLIVAN, County Auditor.[1]

Oct. 24, 1895.

Nos. 9796—(115).

**Repeal of Special Act by General Act—Compensation of Jurors in Ramsey County.**

Prior to the adoption, in 1892, of the amendment to the constitution, prohibiting special legislation, the selecting, drawing, and impaneling of grand and petit jurors of the district court in Ramsey county were regulated by a special law applying to that county alone, which provided that certain of such jurors should be paid $1 per day for attendance and others $1.50 per day. Laws 1895, c. 304, provides that all grand and petit jurors of every district court in any county in the state shall receive $2 per day for attendance, which, by the laws in force prior to the passage of that law, was the sum per day allowed for such attendance in all the other counties in the state. *Held,* the law of 1895 is a general law, although its only practical effect when passed was to amend the prior special law.

**Same—Constitution.**

A general law, of uniform operation throughout the state, does not contravene any of the provisions of said constitutional amendment merely because it incidentally modifies a special law. *Held,* the law of 1895 indicates an intention to repeal prior special legislation so far as inconsistent with that law.

Appeal by respondent from an order of the district court for Ramsey county, Brill, Otis, and Kelly, JJ., granting relator's petition for a peremptory writ of mandamus and denying respondent's motion to discharge the alternative writ. Affirmed.

*Pierce Butler,* for appellant.

*E. M. Card* and *T. M. Dill,* for respondent.

CANTY, J. Sp. Laws 1876, c. 214, provided the manner of selecting, drawing, summoning, and impaneling grand and petit jurors of the district court in Ramsey county. It was amended by Sp. Laws 1877, c. 182; Sp. Laws 1879, c. 93; Sp. Laws 1883, c. 52; and

Sp. Laws 1887, c. 94.    The law as so amended, though a public law, is clearly a special law, applying to Ramsey county alone.    It provided, among other things, that such jurors residing in the city of St. Paul should recover for their services $1 per day, and those residing beyond the limits of the city $1.50 per day.    An amendment to the constitution prohibiting special legislation in certain cases took effect in 1892.    Thereafter the legislature passed Laws 1895, c. 304, which provides as follows:    "Section 1. Each grand and petit juror shall be entitled to two dollars for each day's attendance upon any district court in any county within this state."    Section 5 repeals all acts and parts of acts inconsistent with that act.

The relator, a resident of the city of St. Paul, served, since the passage of this law, as a petit juror in the district court of Ramsey county, and the respondent, who is county auditor, refused to issue to him for such service a warrant for any more than one dollar per day for the time he so served.    The court below after a hearing ordered a peremptory writ of mandamus to issue, commanding respondent to issue his proper warrant to relator for the sum of two dollars per day for each day he so served.    From this order respondent appeals.

From the memorandum of the learned judges of the court below, they seem to have taken the position that because the law of 1876, as so amended, and the law of 1895, are both public laws, therefore they are not local or special laws, within the meaning of the provisions of the constitution prohibiting special legislation.    In our opinion, this is no test of whether or not a law is special or local. It is conceded by both parties that prior to the passage of the law of 1895 all jurors of the district court in every county in this state except Ramsey county received two dollars per day for their services, under the provisions of the general law and of other special laws.    Appellant contends that, therefore, the law of 1895 applied alone to Ramsey county, and that, though this law is general in form, it is in fact a special law, and, as such, prohibited by section 33, art. 4, of the constitution, as so amended in 1892, which reads as follows:

"In all cases when a general law can be made applicable no special law shall be enacted; and whether a general law could have been made applicable in any case is hereby declared a judicial ques-

tion, and as such shall be judicially determined without regard to any legislative assertion on that subject. The legislature shall pass no local or special law regulating the affairs of, or incorporating, erecting or changing the lines of any county, city, village, township, ward or school district, or creating the offices, or prescribing the powers and duties of the officers of, or fixing or relating to the compensation, salary or fees of the same, or the mode of election or appointment thereto; authorizing the laying out, opening, altering, vacating or maintaining roads, highways, streets or alleys; remitting fines, penalties or forfeitures; regulating the powers, duties and practice of justices of the peace, magistrates and constables; changing the names of persons, places, lakes or rivers; for opening and conducting of elections, or fixing or changing the places of voting; authorizing the adoption or legitimation of children; changing the law of descent or succession; conferring rights upon minors; declaring any named person of age; giving effect to informal or invalid wills or deeds, or affecting the estates of minors or persons under disability; locating or changing county seats; regulating the management of public schools, the building or repairing of school houses, and the raising of money for such purposes; exempting property from taxation, or regulating the rate of interest on money; creating corporations, or amending, renewing, extending, or explaining the charters thereof; granting to any corporation, association or individual any special or exclusive privilege, immunity, or franchise whatever, or authorizing public taxation for a private purpose. Provided, however, that the inhibitions of local or special laws in this section shall not be construed to prevent the passage of general laws on any of the subjects enumerated. The legislature may repeal any existing special or local law, but shall not amend, extend or modify any of the same."

It is contended by appellant that the act of 1895 contravenes the clause of this section which provides that "the legislature shall pass no local or special law regulating the affairs * * * of any county." From the view we take of the case it is not necessary now to consider whether or not a law regulating the affairs of a court of general jurisdiction, such as the district court, is a law regulating the affairs of any county, within the meaning of this provision.

It is also contended by appellant that the act of 1895 contravenes

the clause in section 33 which provides that "in all cases where a general law can be made applicable, no special law shall be enacted," and also the clause which provides that "the legislature may repeal any existing special or local law, but shall not amend, extend or modify" the same.   The law in question does not contravene any of the provisions of this section, if it is in fact a general law, and such we think it is.   The effect of the law of 1895 was to extend a provision of general law, and make it uniform throughout the state.   It is true that the only immediate practical effect of this law seems to be to modify the special legislation of Ramsey county.   But all the special legislation in this state on one subject and all kindred subjects cannot, by one enactment, be wiped out, and replaced by a single general law.   As general laws are extended and made uniform throughout the state, they must necessarily cut into and modify special laws.   If the provision of law so extended in this case is not based on a defective classification, such extension cannot be regarded as a special law, even though the incidental effect be to modify or partly repeal a special law.

The subject here legislated upon, to wit, the salaries of grand and petit jurors of the district courts throughout the state, constitutes in itself, as distinguished from all other subjects, a properly selected one to form the basis of general legislation.   It is true that the incidental effect is to repeal section 6 of the special law, prescribing the amount of the fees or salaries of jurors in Ramsey county, and at the present time this seems to be the only practical effect of the law of 1895.   Yet it should not be held from this alone that the extension of a general rule or provision of law so as to make it uniform throughout the state is the passing of a special law.   If it were so held, it would make it practically impossible in most cases to legislate on any of the subjects enumerated in the schedule in said section 33 of article 4 of the constitution without first digging up, root and branch, all the special legislation in the whole state on that subject.   Thus it would be impossible to pass any general law regulating the affairs of villages as long as there remained unrepealed among the statutes of this state any special law chartering or regulating the affairs of any village, which special law might in any manner be modified or partly repealed by such general law.   In order to give the general law validity, it would be

necessary to repeal in toto every such special law; and, if any such special law which might be thus affected was overlooked, the general law modifying it would be void, simply because it modified a special law. This is the principle involved in appellant's position. Clearly, the constitution makers never intended any such result. What is meant by the last clause of section 33 is that the legislature shall not amend or modify any special law, by any other special law, unless the law as so modified or amended could now be enacted without contravening the provisions of said section 33. There is a vast difference between amending or modifying a special law by another special law, and amending or modifying it incidentally as a result of extending and making uniform throughout the state the provisions of a general law. The legislature cannot, by a law general in form, adopt and extend prohibited special legislation. Alexander v. City of Duluth, 57 Minn. 47, 58 N. W. 866. But no such special legislation was either adopted or extended in this case. It is well settled that the peculiarities or distinctions of special legislation enacted before the adoption of the constitutional provisions prohibiting such special legislation cannot be made the basis of classification on which to found a subsequent statute. 32 Am. Law Reg. (N. S.) 832. But nothing of the kind was attempted in the passage of the law of 1895. The classification adopted is not based on artificial distinctions, but on natural ones.

Appellant urges the application to this case of the well-known rule of law that a prior special law is not repealed by implication by a subsequent general law, covering the same subject, and contends that the provisions of the special law regulating the fees of jurors in Ramsey county is still in force. Section 2 of said amendment to the constitution (section 34, art. 4) provides: "The legislature shall provide general laws for the transaction of any business that may be prohibited by section one of this amendment, and all such laws shall be uniform in their operation throughout the state." It is not necessary here to decide whether or not, under these constitutional provisions, a new law, purporting to be a general law, and which clearly indicates an intention to leave unrepealed prior special legislation on the points covered by the new law, would itself be a special law, within the meaning of these constitutional provisions. Neither is it necessary here to decide whether, if this

be so, it affects or changes the rule of interpretation that a prior special law is not repealed by implication by a subsequent general law covering the same ground, when such interpretation would render the subsequent law unconstitutional. The law of 1895 is expressly made applicable to "every district court in any county within this state," and repeals all acts and parts of acts inconsistent with it. We are of the opinion, therefore, that it indicates an intention to repeal such prior special legislation so far as inconsistent with that law.

This disposes of the case, and the order appealed from is affirmed.