### STATE v. JOHN LINDQUIST.

November 1, 1899.

Nos. 11,771—(24).

#### Intoxicating Liquor—Sale in Minneapolis.

The charter provisions of the city of Minneapolis, authorizing its city
council to license and regulate the sale of intoxicating liquors within its
limits, and the ordinance enacted pursuant to such authority, were not
repealed by Laws 1887, c. 6, regulating the sale of intoxicating liquors.

Appeal by defendant from a judgment of the municipal court of
Minneapolis, whereby he was convicted of selling intoxicating
liquor without a license, and sentenced to be imprisoned in the
city workhouse for the term of 90 days. Affirmed.

*David B. Johnson* and *John J. McHale,* for appellant.

*Frank Healy* and *H. E. Dickinson,* for respondent.

START, C. J.

The defendant was convicted, on his plea of guilty, in the munic-
ipal court of the city of Minneapolis, of the offense of selling spirit-

uous liquor without license, contrary to the ordinance of the city. Thereupon it was adjudged that he be imprisoned in the workhouse of the city for the term of 90 days. He appealed from the judgment.

The assignments of error present but a single question. It is this: Did the municipal court have jurisdiction to pronounce the judgment? The answer to this question depends on whether the charter and ordinance of the city of Minneapolis relating to the liquor traffic in the city were repealed by Laws 1887, c. 6, known as the "High-License Law." The contention of the defendant is that they were. The charter provisions are to the effect following: The city council shall have full power and authority to make, ordain, publish, enforce, alter, amend, or repeal ordinances of the city for the suppression of vice and intemperance; and for these purposes the said city council shall have authority, by such ordinances, first, to license * * * all persons vending, dealing in, or disposing of spirituous, vinous, fermented, or malt liquors; * * * and any person who shall vend, deal in, or dispose of spirituous, vinous, fermented, or malt liquors, within the present or future limits of said city, except when licensed by the city council of said city, shall be subject to all the pains and penalties provided by G. S. 1878, c. 16 (G. S. 1894, c. 16), for selling spirituous, vinous, fermented, or malt liquors without a license, as well as to any punishment provided by any ordinance by the city council of the city of Minneapolis, as in this charter provided. These provisions were in force when Laws 1887, c. 6, was enacted, sections 5 and 8 of which are in these words:

"Sec. 5. The provisions of this act shall apply to all cities and villages in this state incorporated under general or special law, and to every other municipal corporation or quasi corporation in this state, whether or not said municipal corporations have the right by general or special charter or general or special laws to grant licenses for the sale of intoxicating liquors or to regulate said sale through or by any council or officer of the same anything in the charter of any municipal corporation in this state to the contrary notwithstanding."

"Sec. 8. All acts or parts of acts inconsistent with this act are hereby repealed."

Now the claim of the defendant is briefly this: Before the passage of Laws 1887, c. 6, the punishment for selling intoxicating liquors prescribed by G. S. 1878, c. 16, § 4, was by a fine not exceeding $100, or by imprisonment for not more than 60 days; and for selling contrary to the ordinance of the city of Minneapolis (for a violation of which the defendant was convicted) the punishment was a fine of not more than $100, or by imprisonment not exceeding 90 days. But by Laws 1887, c. 6, § 4 (G. S. 1894, § 2029), the offense of selling liquor contrary to that act is punished by both fine and imprisonment, not exceeding $100 fine and 90 days' imprisonment,— a penalty beyond the jurisdiction of justices of the peace and municipal courts to enforce. Therefore the provisions of Laws 1887, c. 6, are inconsistent with the provisions of the city charter and ordinance here in question; hence they, as well as G. S. 1878, c. 16, § 4, were repealed by it. State v. Anderson, 47 Minn. 270, 50 N. W. 226.

This claim is specious, but fallacious; for it ignores the fact that the charter of the city of Minneapolis provides that, if any person sells any intoxicating liquor within the city limits except when licensed by the city council, he shall be subject, not only to the penalties provided by G. S. 1878, c. 16 (G. S. 1894, c. 16), but also to the penalties provided by any ordinance of the city. It would seem that, without this last provision, the city would have the power to provide by ordinance a penalty for selling liquor without a license within its limits. State v. Ludwig, 21 Minn. 202; State v. Lee, 29 Minn. 445, 13 N. W. 913. A change in the penalty provided by general laws for selling liquor contrary to such laws is in no manner inconsistent with the special charter provisions authorizing the city council of Minneapolis to license, regulate, and control the traffic within the city limits by ordinance, and to enforce it by appropriate penalties. Therefore the charter provisions and ordinance in question were not repealed by the general law of 1887, regulating the sale of intoxicating liquors. See State v. Harris, 50 Minn. 128, 52 N. W. 387, 531. The leading purpose of this general law was to exact a higher license fee for selling intoxicating liquor throughout the state. To effectuate this purpose, it was necessary to make the law applicable to municipalities organized under spe-

cial charters as well as to the balance of the state; hence the necessity of sections 5 and 8 of the act which we have quoted. These sections, therefore, cannot be construed as repealing the then existing charter provisions of the cities of the state authorizing them to regulate the liquor traffic within their corporate limits. They operate to repeal only such charter provisions as are inconsistent with the general law; for example, a charter provision authorizing a city to exact a less license fee than that provided for by the general law, or exempting it entirely from the operation of the general license law of the state.

We therefore hold that the charter provisions of the city of Minneapolis, authorizing its city council to license and regulate the sale of intoxicating liquor within its limits, and the ordinance enacted pursuant to such authority, were not repealed by Laws 1887, c. 6, and that they are still in force.

Judgment affirmed.