STATE ex rel. ROBERT H. SENG and Others v. LOUIS H. PETER and Others.[1]

July 5, 1907.

Nos. 15,226—(171).

**Repeal of Special Act.**

A special statute providing for a particular place, or applicable to a particular locality, is not repealed by a statute general in its terms and application, unless the intention of the legislature to repeal the special law is clear, although the terms of the general act would, taken strictly, and but for the special law, include the case or cases provided for by it.

**Intention of Legislature.**

The inference of an intention to repeal arising from subsequent inconsistent legislation is greatly diminished and of less force when the inconsistency arises between a subsequent general and a prior special statute.

[1]Reported in 112 N. W. 866.

**Board of County Commissioners.**
    Chapter 73, p. 282, Sp. Laws 1871, and other special acts in reference to the board of county commissioners of Ramsey county, *held* not repealed by the revised laws.

Writ of quo warranto issued from the district court for Ramsey county, requiring defendants Louis H. Peter, Louis Nash, Henry S. Fairchild and Leonard S. Burres to show by what right they held the office of county commissioners. The relators demurred to the answer made by the respondents and the demurrer was overruled, Kelly, J., who ordered judgment, dismissing and quashing the writ. From the judgment entered pursuant to the order relators appealed. Affirmed.

*Douglas & Griggs,* for appellants.

*O. H. O'Neill,* for respondents.

BROWN, J.

Proceedings in quo warranto to determine the right of respondents to hold and exercise the functions of the office of county commissioners of Ramsey county. Respondents had judgment below, and relators appealed.

By chapter 73, p. 282, Sp. Laws 1871, the elective membership of the board of county commissioners of Ramsey county was fixed at six, and the mayor of the city of St. Paul declared a member ex officio. By chapter 438, p. 1044, Sp. Laws 1891, the county was divided into commissioner districts, and the number of members designated for each district. The county has at all times since been governed and controlled respecting its county board by these and other pertinent special acts of the legislature. Respondents were elected thereunder, and according to the districts thereby created, at the election in 1906, and have qualified and are now discharging their duties. It is contended by relators that the special acts of the legislature referred to were all repealed by R. L. 1905, and that the election of respondents under and in accordance with the special laws was unauthorized and invalid. The sole question presented is the correctness of this contention. The ingenious argument of counsel for relators impresses, but does not persuade or convince, us of the soundness of his conclusion.

A statute, general or special, may be modified or repealed by express legislative declaration to that effect, or by the enactment of subse-

quent inconsistent legislation. In either case the repeal has its founda-tion in the legislative intent. In the one case it is affirmatively declar-ed, and arises in the other by implication of law. Before the court will apply the rule of presumptive repeal, the intent to supersede an old by a new statute must clearly appear. The inference of an intent to repeal, indulged and applied when construing apparently conflict-ing general statutes, is greatly diminished and of less force when ap-plied to a special and subsequent general act. In other words, the intent to repeal the special act must be clearer and more manifest. One of the thoroughly settled canons of statutory construction is that a later statute, general in its terms, but not expressly repealing a prior special statute, will, as a general rule, not affect the special provision of the earlier statute. 26 Am. & Eng. Enc. (2d Ed.) 739. Or, as ex-pressed in 1 Sutherland, St. Const. 274, "a special statute providing for a particular place, or applicable to a particular locality, is not re-pealed by a statute general in its terms and application, unless the in-tention of the legislature to repeal or alter the special law is manifest, although the terms of the general act would, taken strictly and but for the special law, include the case or cases provided for by it."

The rule as thus stated has been followed and applied in this state. In Moore v. City of Minneapolis, 43 Minn. 418, 45 N. W. 719, it was held that a general statute upon the subject of licensing employment agencies did not repeal by implication inconsistent ordinances of the city of Minneapolis enacted under charter authority. The court perti-nently remarked in State v. Archibald, 43 Minn. 328, 45 N. W. 606, that, "to justify a court in holding that an act is repealed by one sub-sequently passed, it must appear that the later provision is certainly and clearly in hostility to the former. If by any reasonable construc-tion the two statutes can stand together, they must so stand. If har-mony is impossible * * * the earlier enactment is repealed." Both statutes here under consideration may stand together. Harmony be-tween them is not impossible, except as rendered so by judicial con-struction. In State v. Egan, 64 Minn. 331, 67 N. W. 77, it was held that chapter 206, p. 343, Laws 1893, relating to assessments for local improvements, did not repeal existing inconsistent provisions in the charter of St. Paul upon the same subject. To the same effect is State v. Lindquist, 77 Minn. 540, 80 N. W. 701.

The application of the rule may be illustrated further by a reference to some of the adjudicated cases in other states. In County v. Thomas, 84 Ill. App. 408, a special statute giving the custody and control of the courthouse and jail to the sheriff of a particular county was held not affected by a subsequent general law which provided that the county board should have the custody and control of all real and personal property owned by the county. In Rymer v. Luzerne, 142 Pa. St. 108, 21 Atl. 794, 12 L. R. A. 192, a special statute fixing the salary of county auditors in counties of over a certain population at $500 per year, was held not repealed by a subsequent statute fixing the compensation of the auditors "of each county in the state" at $3 per day and mileage. A like conclusion was reached in Morrison v. Fayette, 127 Pa. St. 110, 17 Atl. 755. In State v. Walbridge, 119 Mo. 383, 24 S. W. 457, 41 Am. St. 663, a special charter provision giving the mayor and city council the power to remove and suspend city officers for misconduct in office was held not repealed by a subsequent general statute providing generally for the removal of any public officer and prescribing methods of procedure different from those specified in the city charter.

These decisions are of necessity founded upon an absence of some indication of a legislative intent to repeal the special act. If an intent to repeal be manifest, then, without express declaration to that effect, a change of the law is effected by the later statute. Numerous cases are collected, and the inconsistencies between special and the general acts pointed out, in 1 Sutherland, St. Const. 278.

Within the authorities cited, which elaborate the rule referred to, not necessary to here repeat, we have no serious difficulty in reaching the conclusion that the special laws enacted for the benefit of Ramsey county respecting its board of county commissioners, except in so far as thereby expressly modified or changed, remained unaffected by the revised laws. These special statutes had particular reasons and foundation for their enactment—reasons which still exist. They disclose the fact, in connection with other similar acts in reference to this particular county, that in some respects the city of St. Paul and the county conduct their public affairs jointly, through boards and officers representing both corporations. The city hall and courthouse, one building, is under the control and management of a joint commission. A board

101 M.—30

of control represents both city and county in the management of the public hospitals and the poor farm. In view of this dual government of local affairs, it was regarded as necessary, or at least highly proper, that the city should have a representation upon the board of county commissioners, and the mayor of the city was, by the special statute under consideration, made ex officio a member thereof. It was also deemed necessary that the number of members of the board, for the better discharge of the duties imposed upon it, should be increased from five to seven, and the special statutes so provided.

The reasons for these special provisions have not changed, and existed as fully when the revised laws were enacted as when the original statutes were passed. This, coupled with the fact that the revised laws were intended to cover only the general statutes of the state, as shown by the act creating the revision commission, by which the commissioners were authorized to "codify and revise the general laws," and as further shown by the title to the act enacting the report of the commission, viz., "An act to revise, consolidate and codify the general laws," and the still further provisions of section 5547, to the effect that all laws not expressly repealed shall remain in force, "and nothing in the revised laws shall be construed as abrogating or otherwise affecting the same," will not permit an inference that the legislature intended to repeal the special enactments relative to Ramsey county. It is true that the language of the new statutes on the subject of county commissioners is broad and comprehensive, providing that "every county shall have a board of five commissioners," and that other provisions thereof are in conflict with the special laws in question; but this conflict existed under the old statute, and, though extended in some respects by the new, is merely carried forward and perhaps made more conspicuous. There is, however, no such conflict as prevents the operation of both statutes. An irreconcilable conflict arises only when the language of the revised laws is construed to include Ramsey county, and this can be done only by presuming, what does not clearly appear, namely, an intention on the part of the legislature to repeal the special laws. No reason for such repeal being present, the court should not, in the absence of express legislative declaration, indulge this presumption. Public interests are in no way affected or prejudic-

ed, and we apply the general rule heretofore adverted to, and hold that the special acts under consideration were not repealed by the revised laws.

Judgment affirmed.