## *In re* WALTER JAMES.

No. A-881. Opinion Filed November 21, 1910.

1.     STATUTES—Repeal — Repugnant Acts by Same Legislature— Priority. Where two acts containing repugnant provisions are passed by the same Legislature, and the question of priority is the determining factor as to which shall control, ordinarily the act which last received executive approval, or was last passed over the executive's veto, will be held to repeal the repugnant provisions of the other act.

2.     SAME—Special Act — Later General Act—Repeal. When it is apparent that the Legislature intended a later general act, broad enough in its terms to include matters provided for by a former special act, to be exclusive, designed it to cover the whole subject matter to which it relates, and to embrace the

entire law on the subject, then such general act will repeal the repugnant provisions of the prior special one.

3. **SAME.** When an earlier statute is special in the sense that it applies to a single case, of which there are many in the state, and a later statute is general in its operation, applies to all such cases, and is intended to secure uniformity throughout the state, then the earlier statute is repealed by the later.

4. **COURTS—County Court Terms—Statutes Controlling.** The Act of the Legislature approved March 23, 1909 (sections 2008-2011 inclusive, Snyder's Comp. L. Okla.), fixing the terms of the county court in the several counties of the state, was intended to embrace all the law on the subject and to provide uniformity in the terms of such court in the several counties, and repeals the act approved March 12, 1909 (art. xiii, chap. 14, Session Laws of 1909.), fixing the terms of the county court of Wagoner County at Coweta.

5. **COURTS—Observance of Legal Terms—Validity of Proceedings.** An assemblage of the proper officers at the proper place, but at a time not authorized by law, does not constitute a court; and any judicial proceeding then had, which under the law can be had only in term time, are null and void.

(Syllabus by the Court.)

*Original Proceeding by Writ of Habeas Corpus.*

Application of Walter James for writ of *habeas corpus.* Writ granted.

*Kistler & Haskell,* for petitioner.
*Fred S. Caldwell,* for the State.

RICHARDSON, JUDGE. The Second Legislature of this state passed an act providing that sessions of the County Court in Wagoner County should be held at Coweta as well as at the county seat; and that the terms should begin at Coweta on the third Mondays in February, May, August and November of each year, and should continue not exceeding four weeks. This act was approved March 12, 1909. (Art. XIII, chap. 14, Session Laws of 1909). Subsequently the same Legislature passed another act entitled, "An Act providing for terms of the county court in the several counties of the State of Oklahoma," section 1 of which provides that the county court in the several counties in this state shall con-

vene at the county seat on the first Mondays of January, April, July, and October of each year; section 3 provides that if there is one and only one place other than the county seat where it is provided by law that terms of the county court shall be held, the terms of said court shall commence at such place on the first Mondays of February, May, August and November of each year, and continue for a period of three weeks, if the public business requires it; section 4 makes provision for the terms in counties having two places of holding county court other than the county seat; and section 5 repeals all laws in conflict with the act. This act was approved March 23, 1909, eleven days after the approval of the Coweta act. Neither act carried the emergency clause, and therefore neither became effective until June 11, 1909, 90 days after the adjournment of the Legislature. Coweta is the only place in Wagoner County other than the county seat where provision has been made by law for holding terms of the county court of that county.

The county court was convened at Coweta on the third Monday in August, 1909, as provided in the act approved March 12, and did not convene on the first Monday in August as provided in the subsequent act. On September 3, 1909, at this purported term of the court, the petitioner was tried and convicted of violating the prohibition law, and was sentenced to pay a fine of $250.00 and to be imprisoned for a period of ninety days. He undertook to appeal from this judgment, but failed to serve the statutory notices of appeal, and for that reason his appeal was dismissed. *James v. State, infra*, 109 Pac. 255. Being imprisoned under a commitment issued upon this judgment, he has applied to this court for a writ of *habeas corpus* to the end that he be discharged from such imprisonment. He contends that the trial and judgment were void for the reason that under the law the county court should have convened at Coweta on the first Monday in August, 1909, the same being August 2, and could have continued in session but three weeks; and that the court not being convened within two days after the first day of the term as fixed by law, the term

lapsed under section 6255 of Snyder's Comp. L. Okla.; and that even if it did not lapse, the term nevertheless expired by legal limitation at the end of three weeks, which was before petitioner was tried.

The sole question involved is, which of the two acts above mentioned controls in fixing the terms of the County Court of Wagoner County at Coweta? If the provisions of the act approved March 12, 1909, control, then the term was a legal one and petitioner must be remanded to custody. If the subsequent act controls, then the assemblage of officers and persons who tried petitioner on September 3, 1909, did not constitute a court, the trial and judgment were void, and petitioner should be released.

It has been suggested that inasmuch as both acts were passed by the same Legislature, and were each to take effect at the same time, neither could repeal the other; but this is not, the law. Where two acts which contain repugnant provisions are passed by the same Legislature, ordinarily that which last received executive approval, or was last passed over the executive's veto, will be held to repeal *pro tanto* the other. Thus it was held in *Rex v. The Justices of Middlesex,* 2 B. & Ad. 818, 22 E. C. L. 190, that, "Where two acts of parliament, which passed during the same session, and were to come into operation the same day, are repugnant to each other, that which last received the royal assent must prevail, and be considered *pro tanto* a repeal of the other." Again in *Strauss v. Heiss,* 48 Md. 292, it is said: "The Act of 1872, ch. 203, and the Act of 1872, ch. 375, being inconsistent with and repugnant to each other, the latter act, having been approved subsequently to the former, repeals the same and becomes the law, though both acts were signed and approved by the Governor on the same day." In *Southwark Bank v. Commonwealth,* 26 Pa. St. 446, it is held that, "The general rule is that where two statutes contain repugnant provisions, the one last signed by the governor is a repeal of the one previously signed." And in *Mead v. Bagnall,* 15 Wis. 171, the rule is declared as follows: "When

4 Cr.—7

the legislative intent is to be inferred from the priority of one act to another, regard must be had to the dates of approval of the acts, and not to the dates of their publication." As a matter of fact, in this instance the general act was not only approved subsequent to the approval of the Coweta act, but was also passed by the Legislature after the passage of the latter act; and therefore if the matter of priority determines this question, the general act must prevail.

The act approved March 23, 1909, professed to fix the terms of the county court in the several counties in this state; it had no other purpose. That approved March 12, 1909, created Coweta a county court town, and fixed the terms of the county court to be held at that place. The one act was therefore in a sense special; the other general. There are authorities to the effect that an act creating a court in a single county, or specially fixing the terms of court in a single county, or regulating the procedure therein, is not a local or special act, because such matter relates to the administration of the laws of the state, and affects equally all persons who are, or may come, within the jurisdiction of such court. Whether this rule is sound we need not stop to determine; for in our opinion, whether the Coweta act be general or special, it was repealed *pro tanto* by the subsequent act.

The rule that a later statute, general in its terms and broad enough to include matters provided for by a former special act, will ordinarily not affect the special provisions of such former act, is not a provision of substantive law, but is merely one rule for determining the legislative intent; and when it is apparent that the Legislature intended to make the later act exclusive, designed it to cover the whole subject-matter to which it relates, and to embrace the entire law on the subject, it will repeal the repugnant provisions of all former acts, general or special. "When an earlier statute is special only in the sense that it applies to a single case, of which there are many in the state, and the later statute is general in its operation and applies to all such cases, then the

earlier one is repealed by the later." 26 Am. & Eng. Enc. L. 743. See, also, *Southport v. Ogden*, 23 Conn. 128; *Coe v. Meriden*, 45 Conn. 155; *Nusser v. Com.*, 25 Pa. St. 126. Thus it is said in 1 Lewis' Sutherland on Statutory Construction, sec. 276:

"The question is one of intent. There is no rule of law which prohibits the repeal of a special act by a general one, nor is there any principle forbidding such repeal without the use of words declarative of that intent. The question is always one of intention, and the purpose to abrogate the particular enactment by a later general statute is sufficiently manifested when the provisions of both cannot stand together. * * * *Special or local laws will be repealed by general laws when the intention to do so is manifest, as where the latter are intended to establish uniform rules for the whole state.*"

See also *Allaby v. Mauston Electric Service Co.*, 135 Wis. 345 116 N. W. 4, 16 L. R. A. (N. S.) 420; *People v. Dalton*, 158 N. Y. 175, 52 N. E. 1113; *State v. Butcher*, 93 Tenn. 679, 28 S. W. 296; *State v. Sullivan*, 62 Minn. 283, 64 N. W. 813; *State v. Pearcy*, 44 Mo. 159; *Howard v. Hulbert*, 63 Kan. 793, 66 Pac. 1041, 88 Am. St. Rep. 267. In this case we think it manifest that the Legislature intended the general act to cover the entire law relating to the terms of the county courts in this state, to provide uniformity in the terms, and to repeal all previous legislation on the subject. In the first place, the act is entitled "An act providing for terms of the county court in the several counties of the State of Oklahoma"; and it professes to fix the terms in the "several", that is in all, the counties in the state. It divides the counties into three classes; 1st, those in which county court is held only at the county seat; 2nd, those in which county court is held at one and only one place other than the county seat; and 3rd, those in which county court is held at two places other than the county seat; and it makes full provision for each class. Under the Constitution county court cannot be held at more than two places other than the county seat; and these three classes therefore embrace every county in the state. In the next place, the act expressly repeals all laws in conflict with its provisions. As to the effect of such repealing

clause upon prior special acts, see *Quinn v. Cumberland Co.,* 162
Pa. St. 55, 29 Atl. 290; *Com. v. Weir,* 165 Pa. St. 284, 30 Atl.
835; *State v. Sullivan,* 62 Minn. 283, 64 N. W. 813; 1 Lewis'
Sutherland Statutory Construction, sec. 256. Finally, we think
the fact that the Legislature intended to repeal the special act in
question and all others like it, is rendered certain by a considera-
tion of the state of the law at the time of the passage of the act.
Every one of the county court towns in this state, other than the
county seats and other than Talihina, which place was made a
county court town by the Constitution, was created by a separate
and in this sense special act of the Legislature; the terms of court
in each of such places were fixed by the act creating it a court
town; and the terms of the county court at Talihina had already
been fixed by an act of the Legislature of 1907-8. Therefore un-
less the general statute was intended to repeal, and had the effect
of repealing, these special acts, then sections 3, 4 and 5 thereof
were wholly and necessarily without meaning or application, for
the reason that there were no county court towns to which they
could apply, the terms of all such county courts having been al-
ready fixed by special acts; and unless the repealing clause repeal-
ed these special acts, then it repealed nothing. We entertain no
doubt but that the Legislature intended by this general act to pro-
vide a uniform system for the terms of county court in the several
counties of this state, and by it to repeal and supersede the provis-
ions of the various special acts theretofore passed. It follows,
therefore, that the petitioner's alleged trial was had at a time when
no term of the county court was authorized to be held at Coweta,
and the proceeding was void. It is therefore ordered that the pe-
titioner be discharged from custody under the alleged judgment
pronounced against him, and that he be held to bail for his appear-
ance for trial upon this charge in due course.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.