## STATE ex rel. FLORENCE METCALF v. F. E. BAKER.[1]

April 21, 1911.

Nos. 17,115—(23).

**Repeal of special statute.**

State v. Peter, 101 Minn. 462, to the effect that a special statute will not be construed as repealed or modified by a subsequent general act, unless the intent to repeal or alter the special law is manifest, followed and applied.

**Justice of the peace — city of St. Paul.**

Chapter 348, Laws 1909, *held* not to have repealed or modified the prior special laws creating justice courts within and for the city of St. Paul.

Upon a petition for a writ of prohibition to restrain respondent, as justice of the peace within the city of St. Paul, from proceeding to enforce a judgment in an action before him in which relator, a resident of St. Paul, is defendant, this court directed respondent to show cause why the writ should not issue. Writ discharged and proceedings dismissed.

*Lloyd Peabody,* for relator.

*A. G. Wedge* and *O'Brien, Young & Stone,* for respondent.

BROWN, J.

By chapter 211, p. 293, Sp. Laws 1876, chapters 369 and 403, pp. 1023, 1068, Sp. Laws 1889, provision was made for a cer-

[1] Reported in 130 N. W. 999.

114 M.—14.

tain number of justices of the peace for the city of St. Paul. These statutes have not been repealed, and are now in full force and effect. They were incorporated in the home rule charter of the city of St. Paul in 1900. Since the enactment of the statutes, justices of the peace have regularly been elected, and have qualified and exercised their jurisdiction within the limits of the city. Respondent herein was so elected and qualified, and now exercises the jurisdiction conferred upon him. In January, 1911, he entertained jurisdiction of a civil action brought against relator, the summons in which was served within the city, and rendered a judgment against her. He now threatens to issue an execution upon said judgment, and relator sued out a writ of prohibition to restrain and enjoin him from so doing. In answer to the writ in this court, respondent asserts his jurisdiction in the matter, and prays that the writ be discharged.

No question was raised on the argument whether prohibition was the proper remedy in such a case, and we therefore do not consider it, disposing of the case upon the merits.

It is contended by relator that respondent had no authority to entertain jurisdiction of the particular action, because the summons therein was served within the city. Reliance in support of this contention is had upon chapter 348, p. 400, Laws 1909 (R. L. Supp. 1909, § 3894), which provides as follows: "No justice of the peace shall issue any summons, or other process in a civil action to be served in any city having a population of two hundred thousand or over, except executions upon existing judgments, and service of summons in accordance with the provisions of section 3973, Revised Laws 1905, and other service of such process made within any such city shall be void."

We are of the opinion, and so hold, that this statute, though quite general in its terms, has no application, properly construed, to justices of the peace within the city of St. Paul, and, further, that it was not the intention of the legislature by its enactment to repeal or modify the special acts creating justice courts in the city. The original statute upon this subject, and of which the law of 1909 was a re-enactment, was chapter 345, p. 567, Laws 1901.

That statute, like the act of 1909, provided that no justice of the peace should issue any summons or other process to be served within a city having a population of two hundred thousand or over, and declared every such service null and void. It is conceded that the statute, when originally enacted, applied only to the city of Minneapolis, for it was then the only city in the state having the designated population. It was not intended by the legislature that it should apply to justices within that city, for there were then no justice courts therein. They were abolished two years prior to its enactment. Chapter 380, p. 505, Sp. Laws 1899. The apparent purpose of the act, therefore, was to prevent justices outside that city from issuing process to be served within the city. It could not, in view of the facts surrounding its enactment, have been construed otherwise, had the question been raised at the time, and it is doubtful whether its re-enactment in 1909 gave it greater or an enlarged scope or operation.

And, again, we are clear that the enactment of the statute in 1909 should not be construed as a repeal or modification of the special statutes creating justice courts for the city of St. Paul. That such was the purpose of the statute is made at all plausible only by strained inference, and not from anything contained in its language, or in the history of its enactment. It contains no clause repealing "acts or parts of acts inconsistent therewith," and we apply, in construing it, the rule laid down in State v. Peter, 101 Minn. 462, 112 N. W. 866. It was there said, quoting from 1 Sutherland, St. Const. 274: "A special statute providing for a particular place, or applicable to a particular locality, is not repealed by a statute general in its terms and application, unless the intention of the legislature to repeal or alter the special law is manifest, although the terms of the general act would, taken strictly and but for the special law, include the case or cases provided for by it." As already pointed out, justice courts for the city of St. Paul were provided for by special laws, and those laws were carried forward and incorporated in the home rule charter of the city in 1900. The acts so creating the courts defined their jurisdiction and limited their authority to civil actions and proceedings. This necessarily included the right to issue

process to be served within the city. The act in question in no way refers to these courts. It had no application to them when originally enacted, or when re-enacted in 1909, for St. Paul had not then the designated population of two hundred thousand.

If the legislature had intended to deprive these courts of their jurisdiction in whole or in part, it would have been a very easy matter to have been specific, and effected that result in plain language. It was held in State v. Archibald, 43 Minn. 328, 45 N. W. 606, that to justify a court in holding that an act of the legislature is repealed by one subsequently passed, it must appear that the later provision is clearly in hostility to the former. And "if by any reasonable construction the two statutes may stand together, they must so stand." Construing the statute in question in the light of its original and only purpose, namely, to exclude the exercise within the cities designated of justice court jurisdiction by outside justices, it follows that there is no such conflict as to justify the conclusion that the legislature intended to repeal or modify the special laws.

This construction is not only reasonable, but at the same time avoids an intolerable condition certain to arise if relator be sustained. And that is this: The justice courts of St. Paul remain intact. The justices may exercise their jurisdiction, if their process be not served within the city. If the officer having writs for service be on guard and discover the unsuspecting citizen beyond the limits of the city, service may be made and the trial proceed before the justice within the city. An intention to create a situation so absurd should not be attributed to the legislature. But such is the result if relator's contention be sustained. We prefer the more reasonable view that the legislature intended the statute to apply to outside justices only—its original purpose and effect.

The case of State v. Sullivan, 62 Minn. 283, 64 N. W. 813, is not in conflict with this conclusion. It appears in that case that special laws had been enacted fixing the compensation of jurors for Ramsey county. A later general statute prescribed a different compensation, and was quite specific in its application to jurors in attendance upon any of the courts of the state. The statute also expressly repealed all other acts or parts of acts inconsistent with its

provisions. No such repealing clause was made a part of the statute involved in the case at bar. The intention to enact a uniform law applicable alike to all jurors was manifest in that case.

Our conclusion, therefore, is that chapter 348, p. 400, Laws 1909, in no way repealed or modified the prior special laws creating justice courts in the city of St. Paul, in view of which it becomes unnecessary to consider the further contention of respondent that the statute in question is unconstitutional because of improper classification.

Writ discharged, and proceedings dismissed.