ANDY BAKER v. STATE.

No. A-339.   Opinion Filed March 7, 1911.

(113 Pac. 991.)

1.   **COURTS—Record—Adjournment.** Where a court of record in this state convenes on the dates prescribed by the statute, and adjourns to some subsequent date. it is necessary for the record to affirmatively show that the court was properly convened, and an order made and entered in the journal adjourning it to such subsequent date.

2.   **COURTS—Jurisdiction—Record—Judgment Entered at Unauthorized Term.** Where the regular time for the convening of the county court is fixed by law as the first Monday in July, and the record fails to show that the court convened until the second Monday in August, the judgments of the court rendered at such subsequent sitting are void.

(Syllabus by the Court.)

*Appeal from Stephens County Court; W. H. Admire, Judge.*

Andy Baker was convicted of selling intoxicating liquor, and appeals. Reversed.

*E. E. Morris,* for appellant.
*Smith C. Matson,* Asst. Atty. Gen., for the State.

ARMSTRONG, JUDGE.   The plaintiff in error, Andy Baker, was tried in the county court of Stephens county on the 3d day of August, 1909, and convicted, on a charge of selling intoxicating liquor.   The appeal is regularly perfected.

There are a number of assignments of error, only one of which we deem it necessary to discuss, which is to the effect that the court was without jurisdiction to try the cause by reason of the lapse of the July term of the court.   The record shows that the July term of the county court of Stephens county was convened on the 2nd day of August, 1909.   There is nothing to show that the court convened as required by law on the first Monday in July, and adjourned over to the second day of August; but, on the contrary, it appears that the court convened orig-

inally on the second day of August. Under our statute, the regular terms of the county court in the several counties begin on the first Monday in January, April, July, and October, of each year, but they may be adjourned to some other date by proper order of the court. It is necessary for the record to affirmatively show, when the same is certified to as complete, that the court convened on the regular date and adjourned to some subsequent date in order to validate its judgments had at such subsequent term. The record in this case is certified to as complete. The trial judge was called upon by this court to amend the case-made so as to show the convening of the court on the date fixed by law and the adjournment to the 2nd of August, but he advised that his records show no such order. This defect in the record is fatal and the judgment of the trial court will have to be reversed and a new trial awarded.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.