## J. C. COLLINS v. STATE.

No. A-575.    Opinion Filed March 21, 1911.

(114 Pac. 1127.)

1.    COURTS—Terms of Court—Failure to Convene. When a regular time is fixed for the terms of courts of record, and such court fails to convene upon the date fixed or within two days from such date, and no judge pro tem is selected as provided by law, the term lapses.

2.    SAME—Validity of Judgments Out of Term Time. Where the regular term of the court is permitted to lapse, no proceedings can be had until the next regular term, or until a term is called

in the manner provided by law. Any judgments rendered by a court out of term time and after the term has lapsed are void.

(Syllabus by the Court.)

*Appeal from Superior Court, Muskogee County; Farrar L. McCain, Judge.*

J. C. Collins was convicted of violating the prohibitory law, and appeals. Reversed and remanded..

*De Roos Bailey* and *J. E. Wyand,* for appellant.
*Smith C. Matson,* Asst. Atty. Gen., for the State.

ARMSTRONG, JUDGE. There are a number of assignments of error made by appellant, but the only one we deem it necessary to pass upon here is the jurisdictional question first discussed in the original brief of counsel for the appellant, raising the proposition of the lapse of the September term of the court and nullity of the judgment of conviction by reason of such lapse. The 1909 Legislature created superior courts in counties of this state having a population of 30,000 or more, and having a city of 8,000 or more (chapter 14, art. 7, § 1, Session Laws of 1909). Muskogee county under this act was entitled to a superior court. Section 4 of the same article provides that the Governor shall appoint a judge for each of such courts, and provides further that the judge so appointed "shall by order fix the terms of said court at not less than four terms each year; provided, that the first term of said court shall begin as soon as practicable after said court is organized under the provisions of this act." The superior court of Muskogee was organized on the 2d day of August, 1909. Judge Farrar L. McCain, who had been previously appointed judge of said court by the Governor of Oklahoma, and who had qualified on the 21st day of July, 1909, was present and presiding. An order was by him made that there should be six terms of the superior court of Muskogee county held each year, to be begun and holden on the second Monday of September, November, January, March, May, and July, respectively. The first term of said superior court under this order was to be begun and holden on the second Monday of September, 1909. On the second Monday in

September, which was the 13th day of said month and the day set by the court for the opening term, Judge McCain, the duly qualified judge of said court, was unable to appear and hold court, and he instructed the clerk by telegraph to excuse the jurors until the 4th day of October, 1909, with directions to return for service at that time unless notified to the contrary.

On the 4th day of October, 1909, the court attempted to convene in due form, and this appellant was tried and convicted on a charge of violating the prohibitory law, and he now complains that the court which tried him was not a court, and that the judgment against him is void. Propositions involving this question have been passed on by this court in a number of cases since the trial of this appellant in the superior court of Muskogee county. In the case of *Wilson v. State,* 3 Okla. Cr. 714, 109 Pac. 289, in the second division of the syllabus, the court says:

"The terms of courts of record begin on the day fixed by law; and if the judge be not present in his court, or a judge *pro tempore* selected within two days after the first day of the term, then the term lapses, and cannot thereafter be revived by the judge or any other officer of the court, and any attempted proceeding had in such court after the lapse of the term is *coram non judice* and void."

The same question was determined in harmony with the contention of the appellant in the case of *Ex parte James,* 4 Okla. Cr. 94, 111 Pac. 947; also, *Ex parte Williams,* 4 Okla. Cr. 101, 111 Pac. 950. In the case of *Andy Baker v. State, ante,* 113 Pac. 991, decided at the last term of this court, this court held that it is necessary for the record, when the same is complete, to affirmatively show that the court convened on the regular date fixed by law and adjourned to some subsequent date in order to validate its judgment had at such subsequent term. The record in the case we are now considering plainly shows that the court failed to convene on the date fixed as the law provides, and was not convened within two days thereafter by the regular judge, no judge *pro tempore* was selected, nor was the term adjourned to any subsequent date. The term lapsed at the end of two days from the

date provided for convening it, and no instructions of the presiding judge to the clerk by telegram or otherwise to advise the jurors to return for service October 4th following could in any wise change the effect of the lapse.

Under the authorities cited the judgment against this appellant is clearly void. The cause is reversed and remanded to the superior court of Muskogee county, with directions to grant the appellant a new trial.

FURMAN, PRESIDING JUDGE, and DOYLE, JUDGE, concur.