# Ex parte ROY MASSENGALE.

No. A-9667.  Aug. 15, 1939.
(93 P. 2d 41.)

182

184

C. E. B. Cutler, of Okmulgee, for petitioner.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

DOYLE, P. J. Petitioner, Roy Massengale, is now confined in the state penitentiary under a judgment of conviction, rendered by the superior court of Okmulgee county, Okmulgee division, in conformity to the verdict of a jury finding him guilty of murder, alleged to have been committed in said county on May 16, 1921, and fixing his punishment at imprisonment for life.

Petitioner seeks his release from the imprisonment imposed thereby upon an assumption that as it conclusively appears from the record, the March term, 1922, had adjourned by operation of law on the 8th day of March, 1922, and the proceedings had after the lapse of the term must be regarded as coram non judice and void, therefore, his imprisonment is in contravention of the due process of law clause of the Fifth Amendment, and section 1 of the Fourteenth Amendment of the Federal Constitution, U. S. C. A., also of section 7, article 2, of the State Constitution, Okla. St. Ann.

The act creating the superior court of Okmulgee county, chapter 131, Sess. Laws 1917, sec. 3890 et seq., Sts. 1931, 20 Okla. St. Ann. § 241 et seq., provides for terms of said superior court at Okmulgee, the county seat, and at Henryetta, as follows:

"There shall be held, in each calendar year, at least six terms of said court, in said county. The terms of said court shall be held at Okmulgee on the first Monday in March, June and November, and at Henryetta on the first Monday of February, May and October; and the judge of said court shall have authority to order entered of record, fixing additional terms of said court at Okmulgee and Henryetta."

The Statute, sec. 69, O. S. 1931, 12 Okla. St. Ann. § 55, provides:

"If the judge of a court fail to attend at the time and place appointed for holding his court, the sheriff shall have

power to adjourn the court, from day to day, until the regular or assigned judge attend or a judge pro tempore be selected; but if the judge be not present in his court, nor a judge be assigned or a judge pro tempore be selected, within two days after the first day of the term, then the court shall stand adjourned for the term."

As this section, in effect, undoubtedly provides that if the judge of any court of record, whether of the county court, superior court or a district court, fail to attend at the time and place of holding his court, as provided by law; or a judge assigned, or a judge pro tem be not selected within two days after the first day of the term, then the court shall stand adjourned for the term.

The opening, holding, and adjournment of court are the exercise of judicial powers to be performed by the court. To perform the functions of court, the presence of the officers constituting the court is necessary, and they must be present at the time and place appointed by law.

Whether a court of record was in session at a particular time is a question to be determined by the records of such court, and the orders of a court of record, which appear to have been properly entered, cannot be impeached by evidence aliunde the record. Its sessions, proceedings, and adjournments can be proved only by its records.

The record shows that petitioner's motion for a new trial was overruled, and the judgment of conviction was rendered after the March, 1922, term had lapsed.

In the case of In re James, 4 Okla. Cr. 94, 111 P. 947, 948, this court held:

"An assemblage of the proper officers at the proper place, but at a time not authorized by law, does not constitute a court; and any judicial proceedings then had, which under the law can be had only in term time, are null and void."

In Wilson v. State, 3 Okla. Cr. 714, 109 P. 289, 290, this court held:

"The terms of courts of record begin on the day fixed by law; and if the judge be not present in his court, or a judge pro tem selected, within two days from the first day of the term, then the term lapses, and cannot thereafter be revived by the judge or any other officer of the court, and any attemped proceedings had in such court after the lapse of the term is coram non judice and void."

In Collins v. State, 5 Okla. Cr. 254, 114 P. 1127, this court held:

"Where the regular term of the court is permitted to lapse, no proceedings can be had until the next regular term, or until a term is called in the manner provided by law. Any judgments rendered by a court out of term time and after the term has lapsed are void."

In the opinion it is said:

"In the case of Andy Baker v. State, [5 Okla. Cr. 186], 113 P. 991, decided at the last term of this court, * * * this court held that it is necessary for the record when the same is complete to affirmatively show that the court convened on the regular date fixed by law and adjourned to some subsequent date in order to validate its judgment had at such subsequent term. The record in the case we are now considering plainly shows that the court failed to convene on the date fixed as the law provides, and was not convened within two days thereafter by the regular judge, no judge pro tempore was selected, nor was the term adjourned to any subsequent date. The term lapsed at the end of two days from the date provided for convening it."

The failure of the judge of the superior court of Okmulgee county to attend and open court upon the day fixed by the statute, or on the following day for opening court in the Okmulgee division of said court operated to adjourn the March, 1922, term of said court, and no further session of the court in the Okmulgee division could be held until the next regular term or until a special term was legally called.

It follows that if there was no legal power to render the judgment or to issue the commitment, there was no competent court, and consequently no judgment or process. All is coram non judice and void.

Although no substantial objection to the granting of the writ is or can be urged, it is suggested that petitioner having been tried at a time when the court was legally in session, the decision and judgment of this court should not operate as an unqualified discharge.

With this suggestion we cannot agree. In the case of Collins v. State, 24 Okla. Cr. 117, 217 P. 896, this court held:

"In the absence of a statute to the contrary, judgment need not necessarily be pronounced at the same term of court at which the verdict or plea of guilty was had, and if the court's purpose in postponing judgment and sentence is incident to the administration of justice within its conceded powers, and its orders postponing judgment and sentence are unconditional and to definite periods, the jurisdiction of the court to pronounce judgment and sentence at a term after the trial term is not affected."

Held further:

"While the court may delay pronouncing judgment for the purpose of hearing and determining motions for new trial or in arrest of judgment, or for other proper causes, it cannot indefinitely suspend pronouncing judgment and sentence."

It appears that seventeen March terms of said court, Okmulgee division, have passed since the jury rendered its verdict, and no unconditional or other order postponing judgment and sentence was made at any succeeding term. This we think a practical abandonment of the prosecution.

In the recent case of Bowen v. Johnston, Warden, 306 U. S. 19, 59 S. Ct. 442, 444, 83 L. Ed. 455, Mr. Chief Justice Hughes, delivering the opinion of the Supreme Court of the United States, said:

"The scope of review on habeas corpus is limited to the examination of the jurisdiction of the court whose judgment of conviction is challenged. * * *

"But if it be found that the court had no jurisdiction to try the petitioner, or that in its proceedings his constitutional rights have been denied, the remedy of habeas corpus is available. * * *

"It must never be forgotten that the writ of habeas corpus is the precious safeguard of personal liberty and there is no higher duty than to maintain it unimpaired. Ex parte Lange [18 Wall. 163, 21 L. Ed. 872], supra."

In Ex parte Davis, 66 Okla. Cr. 271, 91 P. 2d 799, 800, this court held:

"Where one is held in custody under void order of commitment or is imprisoned without due process of law under sentence of any court of the state, the Criminal Court of Appeals has the duty on habeas corpus to inquire into the illegality of the commitment."

In Ex parte Grant, 32 Okla. Cr. 217, 240 P. 759, 760, we said:

"The office of the writ of habeas corpus is to afford the citizen a speedy and effective method of securing his release when illegally restrained of his liberty. Its scope, when directed to an inquiry into the cause of imprisonment in judicial proceedings, extends to questions affecting the jurisdiction of the court and the sufficiency in point of law of the proceedings. Mere errors or irregularities in a judgment or proceeding of a court under and by virtue of which a person is imprisoned, which are not of such a character as to render the proceedings void, cannot be reviewed on an application for a writ of habeas corpus. Where a prisoner in custody under sentence of conviction seeks to be discharged on habeas corpus, the inquiry is limited to the questions whether the court in which the prisoner was convicted had jurisdiction of the person of the defendant and of the crime charged, and did the court have jurisdiction to render the particular judgment." Ex parte Owens, 37 Okla. Cr. 118, 258 P. 758; Ex parte Wagner, 58 Okla. Cr. 161, 50 P. 2d 1135, 1137.

It follows from the foregoing review that petitioner is unlawfully imprisoned and restrained of his liberty, and that he is entitled to be discharged from the imprisonment of which he complains. He is therefore by the judgment of this court discharged therefrom.

The Clerk of this court will forthwith forward to Jess F. Dunn, warden of the penitentiary at McAlester, a duly certified copy of this opinion, and upon receipt of the same, said warden is directed to release the petitioner, Roy Massengale.

DAVENPORT, J., concurs. BAREFOOT, J., absent.