Ex parte GEORGE MAYBERRY.

No. A-10504.    May 3, 1944.

(148 P. 2d 785.)

Ernest Richards, of Oklahoma City, for petitioner.

Randell S. Cobb, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

JONES, P. J. This original proceeding in habeas corpus was instituted by George Mayberry in an effort to secure his release from confinement in the State Penitentiary at McAlester.

The verified petition alleged that the petitioner was sentenced to serve a term of 20 years in the State Penitentiary, by the district court of Logan county, on a plea of guilty to the alleged crime of burglary in the second degree, after a prior conviction for a felony. That petitioner was delivered to the warden of the penitentiary on February 23, 1940, and has since that time been there confined.

The petition further alleged that the restraint is illegal and unauthorized in that the petitioner entered a plea of guilty without having had the benefit of counsel at any stage of the proceedings. That the petitioner did not waive his right to counsel and was not advised of his right to counsel. That after his plea of guilty was entered, the defendant made a request for permission to withdraw the plea of guilty and enter a plea of not guilty, but the trial judge refused to grant such permission.

In his response to the rule to show cause issued by this court, the warden of the State Penitentiary specifically denied that petitioner was not advised of his right to counsel, but alleged that he was fully advised and informed as to all his constitutional rights. The respondent admits that he is holding the petitioner by reason of a commitment issued by the district court of Logan county to serve a term of 20 years' imprisonment in the State Penitentiary for the crime of burglary in the second degree, after a former conviction of a felony, as alleged in the petition.

The respondent further alleged that the petitioner committed the crime of burglary on January 31, 1940;

that on February 10, 1940, petitioner was arraigned before the district court, was fully informed as to all his constitutional rights, and thereupon asked and was granted 24 hours in which to plead; that thereafter, on February 12, 1940, petitioner appeared before the court, entered his plea of guilty, and was duly sentenced. That he was then advised of his right to appeal, but that no effort was made to appeal such sentence, although the petitioner remained in the county jail of Logan county for ten days thereafter before being transported to the State Penitentiary. That at no time was a request made for permission to withdraw the plea of guilty.

Attached to the response were several exhibits, among them being an affidavit executed by the petitioner after his arrest on the charge of burglary. This affidavit reads:

"State of Oklahoma, ⎰ ss
"County of Logan, ⎱

"George Mayberry, of lawful age, being first duly sworn upon his oath, states:

"I have been informed that I do not have to make a statement and that anything I say will be used against me. I have been informed that I am entitled to have a lawyer present and I have not been promised anything to make this statement.

"I am 27 years old and my home is at Perry, Oklahoma. I have been in Guthrie for about two weeks staying at Sammy Simms place. I was convicted of Burglary in Noble County in 1930 or 1931 and was given two years. I was also sentenced to two years for Burglary in Noble County in 1937. I once served a sentence for being drunk in Noble County.

"I broke into a men's store in Guthrie, Oklahoma, on a side street at about 1 or 1:30 in the morning Wednesday, January 31st, 1940. I was by myself and I did not have a gun or any other weapon. I got in by kicking out

a plate glass window of the store and crawling through the hole. I took one load of goods out and put it down by a fence across the street. Then I went back after another load. While I was still in the store, the officers came in and found me hiding behind a box.

"I broke in the store because I wanted some money. I was broke and out of a job. I was full of whiskey. I knew what I was doing.

"(Signed)   George Mayberry

"Subscribed and sworn to before me this 31st day of January, 1940.

"(Signed)   Irene McClellan
"Notary Public

"Seal.

"My Comm. Exp. 2-15-41."

Also attached were affidavits from the court clerk and county attorney of Logan county and a certified copy of the minutes of the proceedings on the arraignment of the petitioner and in connection with the subsequent plea of guilty. These minutes recite that the information was read to defendant and that he was advised of his constitutional rights and thereupon took 24 hours in which to plead. The judgment and sentence attached to the response shows that the petitioner appeared on February 12, 1940, and entered his plea of guilty to the charge of "burglary in the second degree after conviction of offenses punishable by imprisonment in the penitentiary." The prison record of the petitioner was also attached to the response and it showed that the petitioner is now serving his fourth term of imprisonment in the State Penitentiary.

Upon the issues thus made a hearing was held before this court on March 29, 1944. At that time counsel for petitioner admitted the execution of the affidavit by the petitioner as hereinabove set forth.

Upon the hearing thus had, this court finds that the petitioner was fully advised by District Judge Henry W. Hoel of all his statutory and constitutional rights, including his right to counsel and his right to have the court appoint a lawyer if the defendant was not financially able to employ counsel, and also the right of the accused to a trial by jury.

Having found that the facts as alleged in the petition were untrue, it becomes unnecessary for this court to determine the question of law which would have been presented if the allegations of the petition had been correct.

In issuing the rule to show cause, the court was acting upon the verified petition which questioned the jurisdiction of the trial court to render the particular judgment and sentence by which the petitioner was imprisoned. This is always a proper subject for inquiry on habeas corpus.

Finding that the proceedings in connection with the arraignment and sentence of the accused were regular in every respect, the petition for a writ of habeas corpus is accordingly denied.

BAREFOOT, J., concurs.   DOYLE, J., not participating.