Ex parte SEARCY BAILEY.

No. A-11120.   Oct. 13, 1948.
(198 P. 2d 660.)

Searcy Bailey, pro se.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

BRETT, J.   Petitioner, Searcy Bailey, filed his petition for a writ of habeas corpus in this court on August 19, 1948, wherein he alleged that he is unlawfully imprisoned and restrained of his liberty by C. P. Burford, warden of the penitentiary at McAlester, Okla., and in which he prayed that a writ of habeas corpus be directed to said warden that he might be brought before this court "to do, submit to and receive what the law may require". Petitioner alleges that he was convicted on January 5,

1946, of robbery by force of a taxicab driver in Jackson county, at Altus, Okla.

Said matter came on for hearing before the Criminal Court of Appeals on the 23rd day of September, 1948. Petitioner made it appear by sworn allegations that he was denied his constitutional right to the aid of counsel, and that the county attorney promised him if he would enter his plea of guilty he would not receive more than ten years; that notwithstanding said agreement the court sentenced him to 25 years in the State Penitentiary.

At the hearing, on behalf of the state it appeared from the minutes of the court that he was not at any time denied any of his constitutional rights of which he complains; that the court tendered him aid of counsel, and that he declined such tender and waived the right to such aid, and entered his plea of guilty.

Evidence on behalf of the state sworn to by Honorable Ross Rutherford, assistant county attorney, was to the effect that petitioner was fully advised of all of his rights by the Honorable John B. Wilson, then district judge of Jackson county, Okla., and that said defendant stated that he did not desire an attorney. Further, Mr. Rutherford's evidence discloses that the petitioner was tendered counsel by Judge John B. Wilson, which he waived. Moreover, he swore that the petitioner was not induced to plead guilty under the belief that he would not get more than ten years, but affirmatively shows that no promise of any kind was made to the petitioner to induce him to plead guilty; that it was the preference of the county attorney's office that the petitioner be convicted and the plea of not guilty be accepted for the reason that the petitioner admitted that he threatened one

Talton Owens with an icepick and that at the point of said icepick forced the said Owens to surrender his money; that after obtaining the said money the petitioner then stabbed the said Owens and took his taxicab and left Altus, Okla.; that after being apprehended he confessed and entered a plea of guilty as hereinbefore indicated. Under the state of the record as herein made, under the law in this state, where a disputed question arises as to what occurred upon arraignment of one accused of crime, this court will give great weight to the recitation in the minutes of the court proceedings as to what occurred. Ex parte Meadows, 70 Okla. Cr. 304, 106 P. 2d 139; Ex parte Motley, 86 Okla. Cr. 401, 193 P. 2d 613; Ex parte Barnett, 67 Okla. Cr. 300, 94 P. 2d 18. The record at the hearing, both as reflected in the evidence of Honorable Ross Rutherford and in the court minutes, discloses that the petitioner was advised of all his constitutional rights, and particularly as to aid of counsel by the Honorable John B. Wilson, then district judge of Jackson county, Okla. In Johnson v. State, 79 Okla. Cr. 363, 155 P. 2d 259, 260, it was said:

"Where (accused) * * * has (been) fully advised * * * as to his constitutional and statutory rights and as to the consequences of his plea and that with such knowledge, he deliberately enters (his) plea of guilty, the trial court is justified in accepting it even in a capital case."

We have held such is not always the rule in capital cases involving minors. Ex parte Cornell, 87 Okla. Cr. 2, 193 P. 2d 904. But here, we are not confronted with a capital case. This court has repeatedly held that a person may waive the rights guaranteed to him by the Bill of Rights, O. S. 1941 Const. art. 2, § 1 et seq., relating to trial by jury, right to aid of counsel, etc. Ex parte

410

Meadows, supra; Ex parte Snow, 84 Okla. Cr. 423, 183 P. 2d 588. In Johnson v. Zerbst, 304 U. S. 458, 58 S. Ct. 1019, 1024, 82 L. Ed. 1461, 146 A.L.R. 357, it was said:

"When this right (to counsel) is properly waived, the assistance of counsel is no longer a necessary element of the court's jurisdiction to proceed to conviction and sentence. * * *"

The record herein shows the right to counsel was properly waived. It appears from the record herein that the petitioner was accorded all his constitutional rights, voluntarily, without persuasion, waived the right of aid of counsel, and entered his plea of guilty without any inducements being offered him so to do. This court has held that upon a petition for a writ of habeas corpus, the burden is upon the petitioner to sustain the allegations thereof. Ex parte Motley, supra. The record discloses the petitioner has wholly failed to sustain the allegations of his petition. It clearly appears that the court had jurisdiction of the petitioner's person, of the subject matter, and under the law had authority to pronounce the judgment and sentence rendered. These are the essential elements for the rendition of a valid judgment and sentence. Ex parte Motley, supra. Moreover, relief by habeas corpus is limited to cases where the judgment and sentence is clearly void. Ex parte Walker, 84 Okla. Cr. 190, 180 P. 2d 670; Ex parte Darr 84 Okla. Cr. 352, 182 P. 2d 523; Ex parte Tollison, 73 Okla. Cr. 38, 117 P. 2d 549; Ex parte West, 62 Okla. Cr. 260, 71 P. 2d 129; Ex parte Keel, 62 Okla. Cr. 277, 71 P. 2d 313; Ex parte Dunn, 33 Okla. Cr. 190, 242 P. 574; Ex parte Grant, 32 Okla. Cr. 217, 240 P. 759; Ex parte Hollingshead, 24 Okla. Cr. 131, 216 P. 486. No such situation confronts us herein. In the light of the record and the foregoing authorities, we

are of the opinion that the writ herein prayed for should be and the same is denied.

BAREFOOT, P.J., and JONES, J., concur.