## Ex parte FRED CUSTER.

No. A-11149. Dec. 8, 1948.
(200 P. 2d 781.)

Fred Custer, pro se.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

BRETT, J.   This is an original proceeding in habeas corpus brought by petitioner, Fred Custer, pro se, without the aid of counsel, complaining that he is unlawfully restrained of his liberty by C. P. Burford, warden of the State Penitentiary at McAlester, Okla.   This court assumes a liberal attitude in construing petitions in habeas corpus filed by inmates of the penitentiary without the advice or assistance of attorneys.   Ex parte Walker, 84 Okla. Cr. 190, 180 P. 2d 670.

The verified petition, information, judgment and sentence are sufficient to show the court's lack of jurisdiction

to invoke the penalty imposed. Briefly, the petition alleges that the petitioner was charged under Title 63 O.S.A. 1941 § 417, as a first offender, with attempting to obtain by fraud narcotics in violation of the said statute. It further alleges to this charge he entered a plea of guilty, and that upon this plea he was sentenced to three years in the penitentiary, and that the sentence thus imposed is void. The reason given for this contention is that the sentence is contrary to, and in excess of the plain provisions of Title 63 O.S.A. 1941 § 420, the pertinent part thereof reading as follows, to wit:

"Any person violating any provision of this Act shall upon conviction be punished, for the first offense, by a fine not exceeding One Thousand ($1,000.00) Dollars, or by imprisonment for not exceeding two (2) years, or by both such fine and imprisonment, * * *."

An examination of the information, judgment and sentence of the court confirms the petitioner's allegation that he was charged as a first offender, and therefore could only be sentenced to a maximum of two years in the penitentiary. The principal question which the case presents is, does this defect in the judgment and sentence constitute such an irregularity or error as to divest the court of jurisdiction? The answer to this question must be in the affirmative. In Ex parte Massengale, 67 Okla. Cr. 181, 93 P. 2d 41, 42, this court said:

"The scope of review on habeas corpus is limited to an examination of the jurisdiction of the court whose judgment of conviction is challenged."

The essential elements to rendering a valid judgment in a criminal case is jurisdiction of the person, subject matter, and authority under the law to pronounce the judgment and sentence imposed. A proceeding in habeas corpus is limited to a determination of these ques-

tions. Ex parte Mayberry, 78 Okla. Cr. 366, 148 P. 2d 785; Ex parte Matthews, 85 Okla. Cr. 173, 186 P. 2d 840; Ex parte Gee, 84 Okla. Cr. 439, 183 P. 2d 603; Ex parte Goff, 87 Okla. Cr. 33, 194 P. 2d 206; Ex parte Bailey, 87 Okla. Cr. 406, 198 P. 2d 660, and many other cases. All three elements must be present to constitute a valid judgment. This court has held that the jurisdiction of the court to render a particular judgment and sentence by which a person is imprisoned is a proper subject of inquiry on habeas corpus and the remedy of habeas corpus is available whenever it is found that the court in which the petitioner was convicted was without jurisdiction to render the judgment. Ex parte Massengale, supra. Furthermore, in Ex parte McClure, 6 Okla. Cr. 241, 118 P. 591, 593, this court said:

"A judgment of conviction and sentence must conform to the punishment prescribed, and be enforced in conformity with the statute.

"Jurisdiction to render the particular judgment and sentence imposed is as essential to its validity as jurisdiction of the person and the cause."

This being the law it is apparent that the court was without jurisdiction to impose a three year sentence when the maximum provided for by statute was only two years. In the body of the opinion in Ex parte Wagner, 58 Okla. Cr. 161, 50 P. 2d 1135, 1140, the foregoing rule was followed and this court in quoting from In re Bonner, 151 U.S. 242, 14 S. Ct. 323, 326, 38 L. Ed. 149, said:

" ' "The laws of our country take care, or should take care, that not the weight of a judge's finger shall fall upon any one, except as specifically authorized. * * *" ' "

In Ex parte Wagner, supra, this court said:

"Jurisdiction to render a particular judgment and sentence is as essential as jurisdiction of the person and subject-matter. If the first does not exist, the sentence is void."

It therefore clearly appears that under the facts herein presented the judgment and sentence of the district court of Washita county is void as being beyond the court's authority to impose. It might be argued that it is void only as to the excess, and that the action by habeas corpus is prematurely brought and the petitioner should be required to serve the first two years thereof before attacking the balance thereof as invalid, but this would not be true since the judgment and sentence is an entire sentence unauthorized by law. In United States v. Pridgeon, 153 U.S. 48, 62, 14 S. Ct. 746, 751, 38 L. Ed. 631, it was said:

"A sentence is legal so far as it is within the provisions of law and the jurisdiction of the court over the person and offense, and only void as to the excess, when such excess is separable, and may be dealt with without disturbing the valid portion of the sentence."

See State v. Reed, 138 Minn. 465, 466, 163 N.W. 984.

Such a situation would exist where the court unlawfully imposed fines in addition to a prison sentence where the latter alone was authorized, Ex parte Ellerd, 71 Tex. Cr. 285, 158 S.W. 1145, Ann. Cas. 1916D, 361; or where the court imposed the payment of costs in excess of its jurisdiction, Wallace v. White, 115 Me. 513, 99 A. 452, 29 C.J. § 50, p. 59, Note 7, 39 C.J.S., Habeas Corpus, § 26. Here we have no separable sentence but one in entirety or rather as a unit, unauthorized by law and, therefore, void. Ex parte Kelly, 65 Cal. 154, 3 P. 673, at page 674:

"Now, the judgment is a unit, and if one portion of it is without the jurisdiction of the justice the judgment is void. We see no authority in this court, on this proceeding, to hold a portion of a judgment surplusage, because not authorized by law, to exscind such portion from the judgment and order what remains to be carried into execution. The judgment must be passed on as a whole, and if any material portion of it is in excess of the jurisdiction of the court, the judgment is void." 29 C.J. § 50, p. 60, Note 12; 39 C.J.S., Habeas Corpus, § 26.

The judgment therefore being void in toto the action for habeas corpus could rightfully be brought at any time after its rendition but there is a pressing reason why the relief should be granted now. Not to grant it now would materially affect petitioner's right to apply for a parole or a reduction of sentence under the provisions of Title 57 O.S.A. 1941 § 332.7, as follows, to-wit:

"Upon completion of one-third (⅓) of the sentence of any person confined in a penal institution in the State of Oklahoma such person shall be eligible for consideration for a parole, and it shall be the duty of the Pardon and Parole Officer, with or without application being made, to cause an examination to be made at the penal institution where the person is confined, and to make inquiry into the conduct and the record of the said person during his confinement in said penal institution, and thereafter said Pardon and Parole Officer shall report to the Pardon and Parole Board his findings, which shall be considered as a basis for consideration of said person for recommendation to the Governor for parole."

To hold that petitioner could not now maintain his application for habeas corpus under the record presented herein would require the petitioner to serve more than one-third of a lawful sentence of two years before being eligible for the benefits of the foregoing statute. Such is not in keeping with the intent or purpose of the law.

O'Brien v. McClaughry, 8 Cir., 209 F. 816, 126 C.C.A. 540; Connors v. Pratt, 38 Utah, 258, 112 P. 399; 39 C.J. S., Habeas Corpus, § 26, Note 29; 29 C.J. p. 59, Note 10 (a). Petitioner's application is therefore not prematurely brought and under the facts the writ must be granted. But that does not mean the petitioner is entitled to his discharge. This court said in Ex parte Lyde, 17 Okla. Cr. 618, 191 P. 606;

"The holding in this case that the proceedings in rendering judgment and passing sentence were void only affects the judgment and sentence, and leaves the verdict and all precedent proceedings in full force and effect. The petitioner is therefore remanded to the custody of respondent pending the rendition of judgment in conformity with law and in accordance with the verdict of conviction."

See, also, Ex parte Meadows, 70 Okla. Cr. 304, at page 320, 106 P. 2d 139, citing In re Bonner, supra; Ex parte Robnett, 69 Okla. Cr. 235, 101 P. 2d 645, 647; Ex parte Smith, 150 Okla. 98, 300 P. 635; and Howington v. State, 30 Okla. Cr. 243, 235 P. 931.

In keeping with the foregoing authorities it is therefore ordered that the petition for a writ of habeas corpus be and the same is hereby granted, affecting only the judgment, sentence and commitment which are hereby directed to be vacated and set aside, leaving the plea of guilty and all preceding proceedings in full force and effect. And, it is further ordered that the petitioner be remanded to the custody of the sheriff of Washita county, Oklahoma, pending the rendition of judgment in accordance with the provisions of Title 63 O.S.A. 1941 § 417 and § 420 which the district court of Washita county is directed so to do.

BAREFOOT, P. J., and JONES, J., concur.