# Ex parte HARMAN.

No. A-11761. July 30, 1952.

(247 P. 2d 302.)

Sam J. Goodwin, Pauls Valley, for petitioner.

Mac Q. Williamson, Atty. Gen., and Sam H. Lattimore, Asst. Atty. Gen., for respondent.

BRETT, P. J. This is an original proceeding in habeas corpus brought by John W. Harman, petitioner. In said petition John W. Harman alleges he is unlawfully restrained of his liberty in the penitentiary at McAlester, Oklahoma, by Honorable Jerome J. Waters, Warden of said institution. The petition alleges the cause of said restraint is a certain judgment and sentence rendered against petitioner in the district court of Muskogee county, Oklahoma, by which petitioner was sentenced on January 24, 1951, to a term of 3 years in the penitentiary, and to pay a fine of $1,250 upon a verdict of the jury.

Petitioner complains that he was tried on a charge of false pretense under the provisions of Title 21, § 1541, O.S.A. 1941, reading in substance as follows, to wit:

"Every person who, with intent to cheat and defraud, shall obtain or attempt to obtain from any person, firm or corporation, any money, property, or valuable thing, of the value of Twenty ($20.00) Dollars, or less, by means or by use of any trick or deception, or false or fraudulent representation, or statement or pretense, or by any other means or instrument or device commonly called the 'confidence game,' or by means or use of any false or bogus checks, or by any other written or printed or engraved instrument or spurious coin, shall be guilty of a misdemeanor and upon conviction thereof shall be punished by a fine not to exceed One Hundred ($100.00) Dollars, or by imprisonment in the county jail for not more than thirty (30) days, or by both such fine and imprisonment. If the value of the money, property or valuable thing referred to in the preceding paragraph, be more than Twenty ($20.00) Dollars, any person convicted hereunder shall be deemed guilty of a felony and shall be punished by imprisonment in the State Penitentiary, for a term not exceeding seven (7) years, or by a fine not to exceed Five Hundred ($500.00) Dollars, or by both such fine and imprisonment. The term 'false or bogus check' shall include checks or orders given for money or property which are not honored on account of insufficient funds of the maker to pay same, as against the maker or drawer thereof, the making, drawing, uttering or delivering of a check, draft or order, payment of which is refused by the drawee, shall be prima facie evidence of intent to defraud and the knowledge of insufficient funds in, or credit with, such bank or other depository; provided, such maker or drawer shall not have paid the drawee thereof the amount due thereon, together with the protest fees, within five days from the date the same is presented for payment; and, provided, further, that said check or order is presented for payment within thirty days after same is delivered and accepted."

Petitioner contends said judgment and sentence imposed by the jury under the provisions of the foregoing statute is void for excessiveness of fine, in that the statute provides for a maximum fine of $500 whereas a fine of $1,250 was imposed herein. He says his situation is controlled by Ex parte Custer, 88 Okla. Cr. 154, 200 P. 2d 781, holding that where the judgment and sentence is excessive petitioner is entitled to relief by habeas corpus. Petitioner's case would be meritorious if the crime herein involved was one falling within the definition of a confidence game or a false or bogus check as described in Title 21, § 1541, O.S.A. 1941, which the said statute is designed to reach. Gunther v. State, 42 Okla. Cr. 129, 276 P. 237. But herein such is not the case.

The information herein charges in substance as follows, to wit:

" * * * John W. Harman did then and there knowingly, willfully, wrongfully, unlawfully, falsely, designedly, fraudulently and feloniously pretend and represent to one G. T. Gipson and his wife, Ruth Gipson, that he, the said John W. Harman, was then and there the owner of and had the right to convey free and clear of all encumbrances the following described real property, to-wit: the northerly sixty-one (61) feet of Lot 7 in Block 325 in the City of Muskogee, Muskogee County, Oklahoma, together with all improvements thereon and that said real property was free and clear of all encumbrances and liens, and that said G. T. Gipson and wife, Ruth Gipson, then and there believing said false representations so made as aforesaid, and then and there relying thereon as was intended by the said John W. Harman that they should do, were then and thereby induced to and did exchange for said real property and trade and deliver over to the said John W. Harman, one 1946 four-door Chrysler automobile of the value of $1500.00, whereas in truth and in fact said real property was encumbered to the extent of two mortgages, one being by the said John W. Harman to J. O. Jones in the principal amount of $790.00, dated April 6, 1949, and the other mortgage being by Charles A. Hudson and Ida Hudson to J. M. McEntee, Sr., in the principal amount of $1450.00, dated October 14, 1948, and the said John W. Harman did then and there knowingly, designedly, falsely and feloniously make such false and fraudulent representations with the unlawful fraudulent and felonious intent on his part to cheat and defraud the said G. T. Gipson and his wife Ruth Gipson of the said automobile; * * *."

It is apparent that the information was not brought under the provisions of Title 21, § 1541, O.S.A. 1941, but was brought under the provisions of Title 21, § 1542, O.S.A. 1941, reading in substance as follows, to wit:

"Every person who, with intent to cheat or defraud another, designedly, by color or aid of any false token or writing, or other false pretense, obtains the signature of any person to any written instrument, or obtains from any person any money or property, is punishable by imprisonment in the penitentiary not exceeding three years or in a county jail not exceeding one year, or by a fine not exceeding three times the value of the money or property so obtained, or by both such fine and imprisonment."

The value of the 4-door 1946 Model Chrysler automobile which was wrongfully acquired from the complainant by false pretenses is alleged in the information to be in the sum of $1,500. The information by no means attempts to allege that the same was obtained through a confidence game or by a false or bogus check. It is therefore apparent that it falls squarely under the provisions of Title 21, § 1542, O.S.A. 1941, as obtaining complainant's property with intent to cheat or defraud by false pretense. In Hawkins v. State, 55 Okla. Cr. 396, 32 P. 2d 101, the facts were very similar with those involved in the case at bar. Therein $3,000 worth of building and loan stock and 3 city lots and an additional sum of $350 was exchanged for a remaining half interest in a farm on a false pretense and representation that the sum of $2,000 involved in a prior transaction covering the purchase of a one-half interest in said farm, would be applied to reduce a mortgage indebtedness on said farm to $4,600. On said false pretense the building and loan stock and cash were obtained from the victim, at a time when the mortgage was in default and shortly after which foreclosure proceedings were commenced against said property. Therein the penalty was assessed at 3 years in the penitentiary. That judgment and sentence was affirmed on appeal. It might have included a fine of 3 times the value of the property so obtained. Herein, the fine might have been not just $1,250 but it could have been $4,500 or three times the $1,500 alleged as the value of the said 1946 4-door Chrysler automobile. We are of the opinion that the charge as laid herein falls within the provisions of Title 21, § 1542, O.S.A. 1941, and the fine herein imposed is not excessive. The petition is without merit, and is accordingly denied.

JONES and POWELL, JJ., concur.