# Ex parte EMMONS.

No. A-11901. April 8, 1953.

(256 P. 2d 476.)

Joe A. Smalley and Paul W. Updegraff, Norman, for petitioner.

Hez J. Bussey, County Atty. and Elvin J. Brown, Asst. County Atty., Norman, for respondent.

JONES, J. This is an original action in habeas corpus instituted by one Bill Emmons for the purpose of securing his release from imprisonment in the county jail of Cleveland county at Norman.

The verified petition alleged that the petitioner, without being represented by counsel, entered a plea of guilty before the judge of the city court of Norman, to the charge of giving a false and bogus check in the sum of $6 and that on February 2, 1953, the petitioner was sentenced to serve 30 nights in the county jail, the commitment further providing:

" * * * to be checked into jail by 7:00 p. m. daily (Monday through Friday) except allowed to check in at 8:00 p. m. on February 2, 1953—to be released at 7:00 a.m. daily except Saturday and Sunday and that he pay a fine 'to be set before end of 30 days.' "

That such judgment, sentence and commitment is void for uncertainty.

Olen Garner, the duly elected and acting sheriff of Cleveland county, acting through the county attorney, filed a response to the petition acknowledging and confessing the matters stated in connection with the judgment and admitting that said judgment and commitment was void for uncertainty.

It is established law that the jurisdiction of the court to render a particular judgment and sentence by which a person is imprisoned is a proper subject of inquiry on habeas corpus. Ex parte Mayberry, 78 Okla. Cr. 366, 148 P. 2d 785; In re Maynard, 79 Okla. Cr. 215, 153 P. 2d 505; Ex parte Smith, 83 Okla. Cr. 199, 174 P. 2d 851.

The penalty provided for the giving of a false or bogus check in a less value than $20 is by a fine not to exceed $100 or by imprisonment in the county jail for not more than 30 days or by both such fine and imprisonment. 21 O.S. 1951 § 1541.

Since all parties concerned with this action have agreed that the judgment and sentence and commitment are void for uncertainty, it is unnecessary for us to give a detailed statement of the law. It is sufficient to state that under the law of Oklahoma, a person convicted for a crime is entitled to know, at the time judgment is pronounced, the exact punishment he is to suffer so that he may take an appeal if he desires. The court is without authority to pronounce a part of the sentence and reserve his judgment as to the remainder of the sentence contingent upon future happenings.

The judgment and sentence of the petitioner Bill Emmons in case No. 929 in the city court of Norman, Oklahoma, is hereby vacated and the cause is remanded to said court for further proceedings.

POWELL, P. J., and BRETT, J., concur.