Jimmie H. RICHARDS, Plaintiff In Error,

v.

The STATE of Oklahoma, Defendant In Error.

No. A–12073.

Criminal Court of Appeals of Oklahoma.

Dec. 15, 1954.

R. Kay Matthews, Atoka, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

BRETT, Judge.

The plaintiff in error Jimmie H. Richards, defendant below, was charged in the district court of Coal county, Oklahoma, by information with having committed the crime of robbery with firearms on September 13, 1953, by means of an assault upon Perry Joe Johnson, an attendant at a filling station in said county and state; said assault being inflicted with a Colt 45 pistol, by which the said Johnson was put in fear and from whom against his will the said Richards took approximately $32, Title 21 O.S.1951, § 801.

The defendant was arraigned in the district court on September 14, 1953 before Honorable Lavern Fishel, District Judge. It appears from the transcript of the proceedings had on arraignment that the information was read to the defendant. Endorsed thereon was the list of witnesses of the state and their addresses. The trial court advised the defendant of his constitutional rights, that he had a right to enter a plea of not guilty, and if such a plea was entered the court would fix bail for the defendant upon the execution of which he would be released; that he was entitled to a trial by a jury of 12 men or women or both at the next regular term of said court; that if he wished an attorney to represent him and was not able to hire one it was the duty of the trial judge to appoint one to represent him.

He further advised that in the event he desired not to enter a plea of not guilty he could enter a plea of guilty, upon which plea, the trial court could assess punishment of not less than 5 years in the State Penitentiary or to life imprisonment or even death. Moreover he was told that it was his right to wait 48 hours to enter a plea, to make up his mind to plead guilty or not guilty. After having thus been advised as to his constitutional rights the defendant was asked if he had an attorney and the response was, "No sir". He informed the court upon inquiry he had no money with which to hire an attorney. The court asked the defendant if he wished an attorney appointed to represent him and the reply was, "I don't want one. I am guilty". The defendant Richards then informed the trial judge he was 21 years of age. The court then informed the defendant that he was going to appoint an attorney to represent him, whereupon he entered an order appointing T. K. Klinglesmith, a member of the Coal County Bar. Whereupon the court recessed long enough to permit the defendant to confer with his attorney. After the attorney had conferred with the defendant for some time in an outer office the following announcement was made that Mr. Klinglesmith had inquired of the defendant what the charge was against him, what he did and what he wanted to do and that the defendant informed him he desired to enter a plea of guilty, which plea was received by the trial judge.

Thereafter the trial judge received information relative to the gravity of the offense committed by the defendant. He was informed that the defendant drove into the filling station in question and requested ethyl gas and asked the attendant what they owed him, whereupon the defendant pulled out a pistol and struck the attendant in the head knocking him down. He then told him to get up and as he did so he knocked him down again. Whereupon the defendant took the money from the cash register in the sum of $31 and some cents and retreated in his automobile. The defendant was apprehended near Durant, Oklahoma, and had approximately said sum of money on his person and confessed the crime. The county attorney refused to make a recommendation as to the amount of penalty and suggested he was willing to leave it to the judgment of the trial judge. After consultation the trial judge stated: "I am going to continue

this matter until the morning of the 16th, I would prefer some of the folks of the defendant to be here, and also I don't want to rush this thing. I think they should be given every opportunity." Whereupon the court was adjourned until 10:00 a. m., on the 16th of September 1953.

Thereafter on the 16th of September 1953, the case was called and the trial court stated, "the court could have sentenced you on the morning of the 14th but deferred the matter in order for you to talk to your relatives, friends and your attorney who was appointed by the court, or any other attorney. You have now talked to your friends and relatives and the lawyer again. You have an opportunity to employ other counsel if you want to do so * * *. You were advised of your constitutional rights at that time. And now do you still want to plead guilty as you did on Monday or do you now desire to change your plea to that of not guilty." Whereupon the defendant Richards stated, "I am guilty". The court addressed the defendant's mother and said: "Do you have anything to say?" Whereupon she replied, "Well, I just don't know what to say. * * * All I can say we will just have to leave it to the mercy of the Court like they say." Whereupon the trial judge proceeded to sentence the defendant Richards to a term of 15 years in the state penitentiary at McAlester, Oklahoma.

■■■ Thereafter on December 1, 1953 there was filed in the district court of said county a motion to vacate judgment, and an application to withdraw plea of guilty and enter a plea of not guilty and motion for new trial, together with an application to return the defendant for the hearing upon said motion to vacate judgment and for new trial. The said motion is unverified. Examination of the same discloses, the allegations thereof to be in direct conflict with the record of the proceedings made by the trial judge as hereinbefore set forth. Thereafter the said motion was properly overruled on January 20, 1954. It did not meet the burden the law places upon the defendant. In Gist v. State, Okl.Cr., 278 P. 2d 250, it was said in part, in such cases:

"* * * burden of proof is upon appellant to show that trial court abused

his judicial discretion in denying the application * * *."

This record is absolutely void of such proof. Moreover the facts as hereinbefore set forth are taken from the minute record made at the time said judgment and sentence was entered, and it has been repeatedly held by this court that the record made at the time of the proceedings is the best evidence of what was done at said time. Ex parte Meadows, 70 Okl.Cr. 304, 106 P.2d 139; Ex parte Hampton, 87 Okl.Cr. 416, 198 P. 2d 751; Ex parte Bailey, 87 Okl.Cr. 406, 198 P.2d 660. This record is void of any proof of a denial of constitutional or statutory rights. It appears that the defendant was accorded every right to which he was entitled save and except such as he may have waived while acting by and under the advice of counsel.

The defendant contends that the information was not signed by the duly elected county attorney but by Marvin C. Emerson, acting county attorney, and verified by Theo. H. Bonner, sheriff of Coal county. The reason for the same being signed by Mr. Emerson as acting county attorney does not appear of record. We could only presume it was one of the reasons prescribed in Title 19 O.S.1951, § 187, making provision for appointment of a substitute:

"The district court, * * * when the county attorney shall be absent from the court, or unable to attend to his duties, or disqualified to act may, appoint, by an order to be entered in the minutes of the court, some suitable person to perform for the time being the duties required by law to be performed by the county attorney, and the person so appointed shall thereupon be vested with all the powers of such county attorney for that purpose."

See Mahaffey v. Territory, 11 Okl. 213, 66 P. 342, holding in conformity to the foregoing statute; and Lizar v. State, 82 Okl. Cr. 56, 166 P.2d 119, 120. Therein it was said:

"In construing the terms of the statute (Tit. 19 O.S.1941, § 187) it is the duty of the court to give the same a broad, practical and common-sense con-

struction in order to carry into effect the purposes for which it was enacted." In State v. Gray, 71 Okl.Cr. 309, 111 P.2d 514, 516, this court said, "Aside from any statute, this power is inherent in a court of general jurisdiction." In this connection Title 22 O.S.1951, the said § 859, provides:

"If the county attorney fails, or is unable to attend at the trial or is disqualified, the court must appoint some attorney at law to perform the duties of the county attorney on such trial."

█ The defendant urges that the endorsement of the information by the acting county attorney was in violation of Title 22, § 303, O.S.1951, providing the county attorney shall subscribe his name to informations filed in the county. This section must be construed in a common-sense manner in light of the foregoing statutes, and when so construed said statutes are readily reconcilable. Under the law as prescribed by the foregoing statutes, we must presume in the absence of showing to the contrary, this information was properly endorsed. Nothing in the record appears to the contrary. It is fundamental that this court will consider on appeal only such matters as appear of record. Error must affirmatively appear from the record, it is never presumed. Nowlin v. State, 65 Okl.Cr. 165, 83 P.2d 601. Contention of the disqualification of the acting county attorney to endorse the information is not even asserted in the motion for new trial or in the petition in error but appears herein in defendant's brief for the first time, and is not timely made. Criminal Court of Appeals will consider only the assignments of error as appear in the motion for new trial and in the petition in error attached to the case-made unless the question raised is jurisdictional. Giles v. State, 70 Okl.Cr. 72, 104 P.2d 975.

█ Moreover, it as been held that one can waive the failure of the duly elected county attorney to endorse the information, by going to trial without objection. Brown v. State, 9 Okl.Cr. 382, 132 P. 359, 361:

"Objections which appear upon the face of an indictment or information, except those which relate to the jurisdiction of the court, or the subject-matter of the offense, or that the facts stated do not constitute a public offense, must be presented by demurrer, and if not so presented in proper time they are waived."

Simpson v. State, 16 Okl.Cr. 533, 185 P. 116; Roberts v. State, 72 Okl.Cr. 384, 115 P.2d 270. If objections to the failure of the duly elected and qualified county attorney to endorse the information may be waived, so also may objections be waived to the endorsement by the acting county attorney appointed under the provisions of Title 19 O.S.1951, § 187; Title 22 O.S.1951, § 859. The record does not disclose any objections to the endorsement of the information signed as alleged by the acting county attorney. Hence, the objection now asserted was waived by entering a plea of guilty without objection. Under the foregoing statutes and this record the endorsement by the acting county attorney was sufficient.

Other objections are asserted in the brief of the plaintiff in error without anything to support them and it is unnecessary for us to consider them under such conditions. The record discloses the defendant received fair and impartial treatment and was accorded his statutory and constitutional rights. The judgment and sentence is accordingly affirmed.

POWELL, P. J., and JONES, J., concur.