**L. G. PAINTER, Petitioner,**

v.

**Robert R. RAINES, Acting Warden, Oklahoma State Penitentiary, Respondent.**

**No. A–12744.**

Court of Criminal Appeals of Oklahoma.

July 8, 1959.

———◆———

L. G. Painter, petitioner, McAlester, pro se.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for respondent.

PER CURIAM.

Petitioner, L. G. Painter, filed in this Court on March 17, 1959 an instrument in the nature of a petition for writ of mandamus to compel the district court of Pon-totoc County to order him brought before that court to present a motion to set aside a judgment of conviction had therein in August, 1958, wherein petitioner had been convicted of forgery in the second degree, according to petitioner, and subsequently was and presently is confined in the State Penitentiary at McAlester. Of course the time for motion for new trial had long since expired, and there has been no effort in the trial court to state a cause for writ of error coram nobis. So in this court we have treated the instrument as an original petition for writ of habeas corpus, and on March 17, 1959 we issued order to show cause why the writ should not be granted, and response has been made by the Attorney General, and the matter was heard on April 15, 1959.

The response is supported by statement from John Boyce McKeel, district judge of Pontotoc County, and it was made to appear that L. G. Painter was charged in that court on August 6, 1958 with the crime of second degree forgery, and that he was fully advised of his rights to have counsel and to have a jury trial. That he was arraigned and waived time to plead and waived trial by jury, and entered a plea of guilty. Further, that at the time of arraignment the county attorney in open court stated that L. G. Painter also had a case pending in Murray County, at Sulphur, and was anxious to dispose of the Pontotoc County case without further time and wished to be sentenced that day. That after the statement by the county attorney in open court, the said L. G. Painter confirmed the county attorney's statement, whereupon the court sentenced petitioner to the State Penitentiary for two years, as recommended by the county attorney.

Under the above facts we conclude that the court had jurisdiction of the person of L. G. Painter and jurisdiction of the subject matter at the time he entered judgment in case No. 4259 in the district court of Pontotoc County.

Under the circumstances recited by the trial judge, we find that the constitutional rights of petitioner were not violated.

Apparently the Murray County charge was either abandoned or left dormant after petitioner's incarceration in the State Penitentiary.

As we have so often said, in habeas corpus proceedings, to determine legality of imprisonment, inquiry will be limited to a determination of whether trial court had jurisdiction of the subject matter and of the person convicted, and jurisdiction to render the particular judgment which was rendered. See Ex parte Mayberry, 78 Okl.Cr. 366, 148 P.2d 785; In re Sullivan, 82 Okl.Cr. 364, 170 P.2d 260; Ex parte Peck, 96 Okl.Cr. 71, 248 P.2d 655; Ex parte Conway, Okl.Cr., 256 P.2d 189, certiorari denied Conway v. Waters, 245 U.S. 967, 73 S.Ct. 955, 97 L.Ed. 1385.

Writ denied.