Donald Lee WHITE, Petitioner,

v.

The STATE of Oklahoma, and Ray Page, Warden, Oklahoma State Penitentiary, Respondents.

No. A–13484.

Court of Criminal Appeals of Oklahoma.

March 18, 1964.

John Henry McDonald, pro se.

Charles Nesbitt, Atty. Gen., Hugh Collum, Asst. Atty. Gen., for respondents.

Donald Lee White, pro se.

Charles Nesbitt, Atty. Gen., Hugh Collum, Asst. Atty. Gen., for respondents.

BUSSEY, Judge.

On the 14th day of February, 1964, petitioner Donald Lee White, an inmate of the State Penitentiary at McAlester, Oklahoma filed in this Court an unverified application for Writ of Habeas Corpus, asserting in said petition that:

"There is no Notary Public or other qualified official available to Petitioner before whom he can swear to the truth and correctness of the above and foregoing Petition for Writ of Habeas Corpus. * * *"

To this application there was filed, on the 28th day of February, 1964, a response and demur on behalf of the Respondents Warden Ray Page and the State of Oklahoma, in which the Attorney General urges this Court to dismiss said application for the reason:

"That the petition filed herein is defective and insufficient to invoke the jurisdiction of this Court in that the same is not verified as required by law."

In support of the Motion to Dismiss, the Attorney General cites Title 12 O.S.1961 § 1332, and cases cited thereunder. Title 12 O.S.1961 § 1332, provides:

"*Application for the writ shall be made by petition, signed and verified either by the plaintiff or by some person in his behalf,* and shall specify:

"First. By whom the person in whose behalf the writ is applied for is restrained of his liberty, and the place where, naming all the parties, if they are known, or describing them, if they are not known.

"Second. The cause or pretense of the restraint, according to the best of the knowledge and belief of the applicant.

"Third. If the restraint be alleged to be illegal, in what the illegality consists." R.L.1910, § 4883, EMPHASIS OURS.

We deem it unnecessary to discuss at length the necessity of verifying a petition for Habeas Corpus, since the terms of Title 12 O.S.1961 § 1332 are clear and unambiguous; and will admit of no other construction but that a petition must be verified before it may be considered by this Court.

We are not unmindful that inmates incarcerated in our penal institutions are usually without sufficient funds to secure the services of counsel in the preparation of proper applications for Habeas Corpus, and we have repeatedly followed the rule that:

"Criminal Court of Appeals assumes a liberal attitude in construing petitions in habeas corpus filed by inmates of penitentiary without advice or assistance of attorneys." Ex parte Custer, 88 Okl.Cr. 154, 200 P.2d 781 (1949), Opinion supplemented, 88 Okl.Cr. 161, 203 P.2d 889.

However, the Court of Criminal Appeals will no longer entertain jurisdiction of an application for Habeas Corpus which is not verified in accordance with provisions of Title 12 O.S.1961 § 1332.

On the 18th day of December, 1963, in a letter addressed to the Honorable Henry Bellmon, the Chief Executive of the State of Oklahoma, this Court requested that Notary Publics be made available at our State penal institutions, and thereafter on the 2nd day of January 1964, this Court received a copy of a letter addressed to the Wardens of the State Penitentiary at Mc-Alester, Oklahoma and Granite Reformatory at Granite, Oklahoma, from the office of the Chief Executive, requesting that Notary Publics be provided in said institutions for verification of the applications for Habeas Corpus.

In view of the request of the office of the Chief Executive, we are certain that there are available Notary Publics for the verification of applications for Habeas Corpus in the State Penitentiary at McAlester, Oklahoma and at the State Reformatory at Granite, Oklahoma.

For all the foregoing reasons the petition for Habeas Corpus is dismissed.

Petition dismissed.

JOHNSON, P. J., and NIX J., concur.