Joseph HOMER, Petitioner,

v.

Ray H. PAGE, Warden, and the State of Oklahoma, Respondents.

No. A–14489.

Court of Criminal Appeals of Oklahoma.

May 8, 1968.

Joseph Homer, pro se.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondents.

BRETT, Judge.

In the instant case the petitioner, Joseph Homer, unaided by counsel, files his petition for writ of habeas corpus, and seeks a modification of his sentence.

Petitioner alleges that he was charged in the district court of Coal County with the crime of rape in the first degree, such crime alleged to have been committed in August, 1963. On January 9, 1964 accused entered a plea of guilty and the court attempted to sentence him under the Indeterminate Sentence Act (Tit. 57 Okl.St.Ann. § 353), but sentenced him to the penitentiary for a term of not less than 15 years, nor more than 30 years. Petitioner states that he "feels I am due modification of sentence"; but his prayer is that writ of habeas corpus be issued, and he be released.

Title 22 Okl.St.Ann. § 1066 clearly provides authority for this Court to modify a judgment and sentence in those cases properly appealed; but this Court has repeatedly held that there is no statutory authority for this Court to modify a judgment and sentence in a proceeding for habeas corpus.

The Attorney General in a supplemental response, acknowledges and concedes that

the sentence pronounced against the petitioner in this case does not conform to the provisions of the Indeterminate Sentence Act.

On January 9, 1964 when this petitioner entered a plea of guilty to a charge of rape in the first degree, the punishment provided by the statute (Tit. 21 Okl.St.Ann. § 1115) for that crime was death, or imprisonment in the penitentiary for not less than 15 years. This statute was amended in 1965 (after petitioner's conviction) to provide a minimum sentence of not less than five years.

■■■ The law generally provides: a judgment of conviction and sentence imposed thereon must conform to the punishment prescribed, and must be enforced in conformity with the statutes. Therefore, the district court of Coal County was without jurisdiction to impose a sentence of "not less than 15 years, nor more than 30 years". The statute provided that the minimum term, under the Indeterminate Sentence Act, "may be less than, but shall not be more than one-third of the maximum sentence imposed by the court."

It is the holding of this Court that the action of the trial court in pronouncing the particular judgment and passing sentence is void.

■■ It is therefore ordered that petition for writ of habeas corpus is hereby granted, only in so far as it affects the judgment and sentence, and commitment, which are hereby directed to be vacated and set aside, *leaving the plea of guilty and all prior proceedings in full force and effect.*

It is further adjudged and ordered by this Court that the petitioner be discharged from imprisonment under the judgment and sentence imposed by the district court of Coal County, Oklahoma, in case No. 2578, and the commitment issued thereon; however, this determination only affects the judgment and sentence imposed, and leaves the plea of guilty and all prior proceedings in full force and effect.

■■■ It is further ordered that petitioner be remanded to the custody of the Sheriff of Coal County, Oklahoma, and said Sheriff is ordered to hold said Joseph Homer in his custody pending the rendition of judgment and sentence in accordance with defendant's plea of guilty, and in accordance with the statutes; and, the district court of Coal County, Oklahoma, is directed to render proper judgment, sentence and commitment on said plea of guilty, without undue delay, upon petitioner's being returned to the jurisdiction of said district court. See Ex parte Lyde, 17 Okl.Cr. 618, 191 P. 606; Ex parte Custer, 88 Okl.Cr. 154, 200 P.2d 781; and Ex parte Custer, 88 Okl.Cr. 161, 203 P.2d 889.

The Clerk of this Court is directed to forthwith forward to the respondent, Ray H. Page, Warden of the Oklahoma State Penitentiary, a certified copy of this opinion. And, further, upon petitioner's being recommitted to the State Penitentiary, after proper sentence is passed, petitioner, Joseph Homer, shall be entitled to receive all credits earned for the time already served under the void sentence, toward fulfillment of the sentence imposed in accordance herewith.

Writ granted with instructions.

NIX, P. J., concurs.

BUSSEY, Judge (specially concurring).

I concur with my colleague that the judgment and sentence imposed in the instant case is not in accordance with the provisions of the Indeterminate Sentence Law in force and effect at the time of rendition of the same, and wish only to observe that in the event the trial court wishes to impose a judgment and sentence in accordance with the Indeterminate Sentence Law, the minimum sentence which can be imposed is an indeterminate sentence of not less than 15 years minimum, nor less than 45 years maximum. If, however, the trial court desires to fix a term of years rather

than a sentence under the Indeterminate Sentence Act, then in force, the minimum punishment therefor is not less than 15 years imprisonment.