DURING THE SEPTEMBER 2, 1993, MEETING OF THE EXECUTIVE AND LEGISLATIVE BOND OVERSIGHT COMMISSIONS (THE "COMMISSIONS"), OKLAHOMA CITY COMMUNITY COLLEGE ("OCCC") REQUESTED PROVISIONAL AND FINAL APPROVAL TO ISSUE $4.8 MILLION OF BONDS TO REFUND ITS OUTSTANDING REVENUE BONDS. SUCH BONDS MAY BE ISSUED ONLY AFTER RECEIVING LEGISLATIVE APPROVAL, HOWEVER, AND A QUESTION WAS RAISED AS TO WHETHER OCCC HAD RECEIVED APPROVAL TO ISSUE $4.8 MILLION OF BONDS OR $4.235 MILLION OF BONDS. TO ANSWER THE QUESTION, IT IS NECESSARY TO REVIEW RECENT CHANGES IN THE WAY SUCH BONDS MAY BE APPROVED.
BACKGROUND
PRIOR TO MAY 20, 1993, THE STATUTE THAT IMPOSED THE LEGISLATIVE APPROVAL REQUIREMENT, 70 O.S. 4002.1 (1991), PROVIDED THAT:
 "LEGISLATIVE APPROVAL EXPRESSED BY CONCURRENT RESOLUTION SHALL BE REQUIRED PRIOR TO COMMENCING ANY ACTION IN ANTICIPATION OF ISSUANCE BY A BOARD OF REGENTS OF REVENUE BONDS AUTHORIZED BY 70 O.S. 4002 OF TITLE 70 OF THE OKLAHOMA STATUTES OR ANY OTHER BONDS AUTHORIZED BY LAW TO BE ISSUED BY SUCH BOARDS."
IN ACCORDANCE WITH THE TERMS OF THIS PROVISION, THE SENATE ON MARCH 16, 1993 AND THE HOUSE OF REPRESENTATIVES ON APRIL 12, 1993 ADOPTED SENATE CONCURRENT RESOLUTION NO. 12. THE RESOLUTION AUTHORIZED OCCC TO ISSUE REVENUE BONDS IN AN AMOUNT "NOT TO EXCEED" $4.235 MILLION TO REFUND A PORTION OF THE SCHOOL'S OUTSTANDING INDEBTEDNESS.
ON MAY 20, 1993, HOWEVER, SENATE BILL NO. 396 BECAME EFFECTIVE. SECTION 122 OF SB 396 AMENDED THE TERMS OF 4002.1 SO THAT THE STATUTE NOW PROVIDES AS FOLLOWS:
 "LEGISLATIVE APPROVAL EXPRESSED BY CONCURRENT RESOLUTION, EXCEPT AS PROVIDED BY SECTION 121 OF THIS ACT. SHALL BE REQUIRED PRIOR TO COMMENCING ANY ACTION IN ANTICIPATION OF ISSUANCE BY A BOARD OF REGENTS OF REVENUE BONDS AUTHORIZED BY 70 O.S. 4002 OF TITLE 70 OF THE OKLAHOMA STATUTES OR ANY OTHER BONDS AUTHORIZED BY LAW TO BE ISSUED BY SUCH BOARDS."
(EMPHASIS SUPPLIED TO SHOW AMENDMENT). THE "SECTION 121" REFERRED TO IN THE AMENDED VERSION OF 70 O.S. 4002.1 IS 121 OF SB 396. SECTION 121 STATES THAT ANY INSTITUTION OF HIGHER EDUCATION "IS HEREBY AUTHORIZED TO REFINANCE ANY OUTSTANDING DEBT BETWEEN THE EFFECTIVE DATE OF THIS ACT AND JUNE 30, 1994." SECTION 121 DOES NOT IMPOSE A "NOT TO EXCEED" LIMIT ON THE AMOUNT OF REFUNDING BONDS THAT MAY BE ISSUED BY ANY PARTICULAR INSTITUTION; ACCORDINGLY, INSTITUTIONS MAY ISSUE BONDS IN WHATEVER AMOUNT IS NECESSARY TO REFUND THEIR OUTSTANDING INDEBTEDNESS. THE APPLICABILITY OF THE APPROVAL IS LIMITED, HOWEVER, TO THOSE REFUNDING BONDS ISSUED DURING THE PERIOD BETWEEN MAY 20, 1993 AND JUNE 30, 1994.
THE AMENDMENT TO 70 O.S. 4002.1 CREATES A NEW, INDEPENDENT METHOD OF GAINING THE LEGISLATIVE APPROVAL THAT HAS ALWAYS BEEN REQUIRED BY THE STATUTE. THE STATUTE NOW GRANTS A BLANKET APPROVAL TO COLLEGES, INCLUDING OCCC, TO ISSUE BONDS IN AN AMOUNT SUFFICIENT TO REFINANCE ANY CURRENTLY OUTSTANDING DEBT; IN EFFECT, THE AMENDMENT ACTS TO RELIEVE SUCH ENTITIES FROM THE TRADITIONAL REQUIREMENT OF OBTAINING LEGISLATIVE APPROVAL THROUGH A CONCURRENT RESOLUTION — AT LEAST DURING THE STATED TIME PERIOD. THUS, THERE ARE PRESENTLY TWO WAYS OF OBTAINING LEGISLATIVE APPROVAL: (1) BY SECURING A CONCURRENT RESOLUTION AUTHORIZING AN ISSUE, AND (2) THROUGH THE BLANKET APPROVAL FOR REFUNDING BONDS ISSUED DURING THE RELEVANT TIME PERIOD.
ISSUE
THE QUESTION RAISED DURING THE COMMISSIONS' MEETING WAS WHETHER OCCC HAD RECEIVED LEGISLATIVE APPROVAL, PURSUANT TO THE AMENDED TERMS OF 70 O.S. 4002.1 AND THE PROVISIONS OF 121 OF SB 396, TO ISSUE REFUNDING BONDS IN AN AMOUNT GREATER THAN THE $4.235 MILLION AUTHORIZED BY SCR 12.
ANALYSIS
AS DESCRIBED IN THE FOREGOING DISCUSSION, THERE ARE NOW TWO INDEPENDENT METHODS BY WHICH COLLEGES MAY RECEIVE APPROVAL TO ISSUE BONDS; IF AN ISSUE COMPLIES WITH EITHER OF THE METHODS, THEN IT IS APPROVED. BECAUSE THE PROPOSED OCCC ISSUE IS A REFUNDING ISSUE AND FALLS WITHIN THE STATED TIME FRAME, I SEE NO REASON WHY IT SHOULD NOT BE DEEMED APPROVED PURSUANT TO THE AMENDMENT. ALSO, UNDER THE AMENDMENT THERE IS NO PRESET ISSUANCE AMOUNT. OCCC HAS REPRESENTED THAT $4.8 MILLION IS THE AMOUNT NECESSARY TO REFUND ITS OUTSTANDING DEBT. ASSUMING THAT THIS REPRESENTATION IS ACCURATE, I SEE NO REASON WHY, UNDER THE AMENDMENT, THIS AMOUNT SHOULD NOT ALSO BE DEEMED APPROVED. THUS, THE PROPOSED OCCC ISSUE IN THE AMOUNT OF $4.8 MILLION HAS RECEIVED LEGISLATIVE APPROVAL INDEPENDENT OF THE PROVISIONS OF SCR 12.
AND TURNING TO THE PRIOR CONCURRENT RESOLUTION, IT IS A LONGSTANDING RULE THAT ACTS ENACTED IN THE SAME LEGISLATIVE SESSION SHOULD BE CONSTRUED TOGETHER SO THAT EFFECT MAY BE GIVEN TO BOTH. HUNTER V. STATE, 154 P. 545 (OKLA. 1916). A FAIR READING OF SCR 12 REVEALS THAT THE RESOLUTION WAS ENABLING IN NATURE RATHER THAN PROHIBITORY. CLEARLY, THE RESOLUTION WAS NOT INTENDED TO FORECLOSE OCCC FROM AVAILING ITSELF OF THE SEPARATE, INDEPENDENT APPROVAL METHOD WHICH LATER BECAME AVAILABLE WITH THE ENACTMENT OF SB 396, PARTICULARLY WHERE THE NEW METHOD BECAME AVAILABLE, WITHOUT RESTRICTION, TO ALL OF THE OTHER COLLEGES OF THE STATE. SUCH A READING WOULD EFFECTIVELY DISCRIMINATE AGAINST OCCC AND THIS, UNDOUBTEDLY, WAS NOT THE LEGISLATIVE INTENTION BEHIND SCR 12. INSTEAD, SCR 12 SHOULD BE ACCORDED THE EFFECT WHICH IT WAS PLAINLY INTENDED TO HAVE: APPROVING OCCC'S PROPOSED REFUNDING PLAN PURSUANT TO THE THEN EXISTING LAW. READING BOTH SCR 12 AND SB 396 TOGETHER, THE MOST HARMONIOUS INTERPRETATION IS ONE WHICH ALLOWS OCCC TO CONSIDER ITS ISSUE APPROVED UNDER BOTH METHODS AUTHORIZED BY 70 O.S. 4002.1 — THE DIFFERENCE BETWEEN THE TWO APPROVALS BEING THAT THE APPROVAL GRANTED BY SCR 12 WOULD LIMIT THE ISSUE TO $4.235 MILLION WHILE THE APPROVAL ALLOWED UNDER THE AMENDMENT CONTAINED IN SB 396 WOULD BE LIMITED TO WHATEVER AMOUNT IS SUFFICIENT TO REFUND OCCC'S OUTSTANDING DEBT. AND IN SUCH CIRCUMSTANCES, OCCC SHOULD BE FREE TO ACT BASED UPON EITHER APPROVAL. IN ANY EVENT, TO THE EXTENT THE PROVISIONS OF SCR 12 AND SB 396 ARE IN IRRECONCILABLE CONFLICT, THE PROVISIONS OF THE LATEST ENACTMENT OF THE LEGISLATURE, SB 396, WILL PREVAIL. SEE EX PARTE JAMES,111 P. 947 (OKLA.CRIM. 1910).
FURTHERMORE, I OBSERVE THAT A CONCURRENT RESOLUTION IS A "MERE EXPRESSION OF AN OPINION AND NOT AN ENACTMENT OF LAW." HAWKS V. BLAND, 9 P.2D 720 (OKLA. 1932). INDEED, THE OKLAHOMA SUPREME COURT HAS IN ONE INSTANCE DESCRIBED THE CONTENTS OF A CONCURRENT RESOLUTION APPROVING THE ISSUANCE OF BONDS UNDER 4002.1 AS "NOT LEGALLY BINDING UPON THIS COURT." APPLICATION OF BOARD OF REGENTS OF THE UNIVERSITY OF OKLAHOMA, 595 P.2D 785 (OKLA. 1979). ONE SIMPLY CANNOT CONCLUDE THAT THE TERMS OF SCR 12 OVERRIDE THE PROVISIONS OF SB 396, AN ACT WHICH WAS SIGNED INTO LAW. THUS, ANY LIMITATION CONTAINED IN SCR 12 IS NOT EFFECTIVE TO EXTINGUISH THE ABILITY OF OCCC TO AVAIL ITSELF OF THE APPROVAL METHOD AUTHORIZED BY THE STATUTORY AMENDMENT TO 70 O.S. 4002.1.
CONCLUSION
IN ACCORDANCE WITH THE FOREGOING, I AM ADVISING THE COMMISSIONS THAT OCCC HAS RECEIVED LEGISLATIVE APPROVAL, PURSUANT TO THE AMENDED TERMS OF 70 O.S. 4002.1 AND THE PROVISIONS OF 121 OF SB 396, TO ISSUE REFUNDING BONDS IN AN AMOUNT SUFFICIENT TO RETIRE THE COLLEGE'S OUTSTANDING DEBT, NOTWITHSTANDING THE PROVISIONS OF SCR 12 WHICH AUTHORIZE OCCC TO ISSUE $4.235 MILLION OF REFUNDING BONDS.
(K. W. JOHNSTON)